588 A.2d 36

R.L. PAWLOWSKI, Appellant,

v.

Arnold D. SMORTO, Dino S. Persio, Raymond J. Zadzilko, Thomas J. Sibert and Calvin J. Webb, III, t/d/b/a Smorto, Persio, Zadzilko, Sibert and Webb, Attorneys-at-Law, and Michael A. Sossong, Appellees.

Superior Court of Pennsylvania.

Argued Nov. 8, 1990.

Filed March 19, 1991.

Reginald L. Pawlowski, Johnstown, In Pro. Per.

Raymond J. Zadzilko, Ebensburg, for appellees.

Before DEL SOLE, BECK and HUDOCK, JJ.

BECK, Judge:

This is an appeal from a final order granting defendants-appellees' preliminary objections in the nature of a demurrer and dismissing plaintiff appellant's three count complaint.

The appeal raises the following three issues:

1. Where a count of a complaint seeks recovery for wrongful use of civil proceedings, but fails to allege that the defendants initiated, procured or continued any legal action against plaintiff, should that count of the complaint be dismissed?

2. Where a count of a complaint seeks recovery for tortious interference with business and professional relationships, but fails to allege any harm other than the loss of confidence in plaintiff by those involved with him in such relationships, should that count of the complaint be dismissed?

3. Where a count of a complaint seeks recovery for defamation, but reveals on its face that the alleged defamatory statements were made solely to law enforcement officials for the purpose of initiating criminal charges against plaintiff, should the statements be found to be absolutely privileged and that count of the complaint be dismissed?

Our answer to each of these questions is in the affirmative. Therefore, we affirm the order of the trial court.

Initially, we note our standard of review, which has most recently been described as follows:

... preliminary objections in the nature of a demurrer admit every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When determining whether preliminary objections in the nature of a demurrer was [sic] properly granted, an

appellate court must accept as true all properly pleaded material facts. We must confine our analysis to the complaint and decide whether sufficient facts have been pleaded to permit recovery if the facts are ultimately proven. The demurrer may be granted only in cases which are so free from doubt that a trial would certainly be a fruitless exercise.

*Composition Roofers Local 30/30B v. Katz,* 398 Pa.Super. 564, 581 A.2d 607, 609 (1990) (citations omitted).

Accepting all well-pleaded facts as true, we set forth the following summary of the pertinent allegations of the complaint. Appellant is R.L. Pawlowski, a lawyer. Appellees are Arnold Smorto, Dino Persio, Raymond Zadzilko, Thomas Sibert, Calvin Webb II, Michael Sossong and the law firm in which they are all either partners or associates. The dispute between the parties that gave rise to the present action arose from three other lawsuits in which appellant and appellees were involved in various capacities. In two of these lawsuits, appellant represented a Mr. and Mrs. Kopas as plaintiffs. The named defendants were Dino Persio and his wife and Anthony Sossong and his wife. Persio and his wife were represented by Calvin Webb. The Sossongs were represented by Michael Sossong. As noted above, Dino Persio, Calvin Webb and Michael Sossong are all appellees herein. In the third lawsuit, appellant represented Mrs. Kopas and a corporation named Kogen Industries, Inc. as plaintiffs. The named defendants were Smorto, Persio, Zadzilko and Sibert and certain of their relatives. In that action, all defendants were represented by Michael Sossong.

The first two lawsuits were commenced by writ of summons. The parties then became embroiled in a dispute regarding service of the writs. The writs were eventually reissued and served by the sheriff. The defendants then filed preliminary objections to the service of the writs, contending that the court had no jurisdiction over them. A hearing was held and the court determined that it could not grant the preliminary objections at that time because it did not know whether the reissued writs had been served after

the expiration of the applicable statute of limitations, a fact which was crucial to its decision.

Immediately after the hearing on the preliminary objections, counsel for the defendants went to the District Attorney of Cambria County and the State Police in Ebensburg and alleged to those officials that appellant had perjured himself during the hearing that had been held on the preliminary objections to the service of the writs as described above.

Based on the above factual predicate, appellant sought recovery from the appellees for wrongful use of civil proceedings and defamation. The first count of appellant's complaint in the action under review alleges that appellees' filing of objections to the service of the writs constituted a "wrongful use of civil proceedings". In the second count, appellant alleges that appellees' conduct in accusing appellant of perjury constitutes actionable defamation.

The third count of the complaint, where appellant alleges that appellees tortiously interfered with appellant's business and professional relationships, arises out of the third action described above in which appellant represented Mrs. Kopas and Kogen Industries, Inc. against various of the appellees herein. Appellant alleges that after a deposition of Mrs. Kopas in that action, attorney-appellee Webb turned to Mrs. Kopas and asked her if her counsel, i.e. appellant, had informed her of the possible consequences to her if she should lose the lawsuit. Mr. Webb also allegedly stated to appellant that appellant had a conflict of interest in representing Mrs. Kopas in that action and that she should obtain other counsel. Appellant alleges that in making these remarks, appellees tortiously interfered with his attorney-client relationship with Mrs. Kopas.

We begin with a review of the trial court's dismissal of counts one and three of appellant's complaint, since our reasons for affirming the dismissal of these counts can be succinctly stated. As to count I, wrongful use of civil proceedings, we find that appellant failed to plead at least

one essential element of the cause of action. The requisites for an action for wrongful use of civil proceedings are defined by statute as follows:

§ 8351. Wrongful use of civil proceedings:

(a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in [sic] which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351 (1980).

Clearly, the gravamen of an action for wrongful use of civil proceedings is that the defendant has wrongfully procured, initiated or continued civil proceedings against the plaintiff. Here, however, appellant was not a party to the underlying civil action in which he alleges that appellees acted wrongfully. Appellant was *counsel* for the plaintiffs, Mr. and Mrs. Kopas, in that action. Thus, there is no conceivable ground upon which appellant could plead a cause of action for wrongful use of civil proceedings. *Lessard v. Jersey Shore State Bank*, 702 F.Supp. 96 (M.D.Pa. 1988) (a person who is not party to the underlying lawsuit cannot bring an action for malicious use of process against the plaintiff in the underlying lawsuit).

 In addition, we find that even if appellant *had* been a party to the underlying lawsuit he nevertheless could not assert a wrongful use of civil proceedings cause of action under the circumstances of this case. Appellant based his pleading of this tort on appellees' filing of preliminary objections raising a question of jurisdiction in the underlying lawsuit. However, such conduct is not actionable as a wrongful use of civil proceedings because the filing of such

preliminary objections, which seek to terminate the proceedings, quite obviously is not the "procurement, initiation or continuation of civil proceedings," as is required under the governing statutory section set forth above.

██ As to count three, in which appellant alleges tortious interference with business and professional relationships, once again we conclude that appellant failed to plead an essential element of the cause of action. As this court has stated:

To set forth a legally sufficient cause of action for intentional interference with contractual or prospective contractual relations, four elements must be pled:

(1) the existence of a contractual, or prospective contractual relation between the complainant and a third party:

(2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring;

(3) the absence of privilege or justification on the part of the defendant; and

(4) the occasioning of actual legal damage as a result of the defendant's conduct.

. . . .

The Restatement (Second) of Torts defines "actual damages" for interference with a contract as follows, at § 774A:

(1) One who is liable to another for interference with a contract or prospective contractual relation is liable for damages for

(a) the pecuniary loss of the benefits of the contract or the prospective relation;

(b) consequential losses for which the interference is a legal cause; and

(c) emotional distress or actual harm to reputation, if they are reasonably to be expected to result from the interference. . . .

*Pelagatti v. Cohen,* 370 Pa.Super. 422, 536 A.2d 1337, 1343 (1987), *appeal denied by,* 519 Pa. 667, 548 A.2d 256 (1988).

The clear import of the foregoing description of this tort is that actual damages must result from the defendant's conduct before recovery can be had and that those damages must flow from a particular type of harm to the plaintiff. This harm is the loss of the benefits of the contract or prospective relation or consequential, emotional or reputational losses resulting from the defendant's conduct. *See also Birl v. Philadelphia Electric Co.,* 402 Pa. 297, 301, 167 A.2d 472 (1960) (the harm contemplated by the Restatement must *actually result* before recovery can be had).

Here, appellant does not allege that his client, Mrs. Kopas, has in any way failed to perform her contract for professional services with appellant. Appellant does not allege that Mrs. Kopas terminated appellant's representation of her or failed to perform her contract with him in any manner. Thus, he alleges no loss of the benefits of that contract. Nor does he allege that he has suffered any emotional distress or harm to his reputation. Rather, appellant alleges only that he believes that Mrs. Kopas' trust and confidence in appellant as her lawyer was eroded due to Mr. Webb's comments concerning appellant's representation and further that those comments caused Mrs. Kopas, not appellant, emotional distress. These allegations are clearly insufficient.[1] *See Pelagatti v. Cohen,* 370 Pa.Super. at 434–38, 536 A.2d at 1343–44 (without allegations of actual harm in the form of loss of benefits of contract, action for intentional interference must fail).

Having concluded that the trial court's dismissal of counts one and three was proper, we turn to a consideration of the dismissal of the second count, alleging defamation.

1. Appellant's citation to *Johnson v. Pilgrim Mutual Ins. Co.,* 284 Pa.Super. 314, 425 A.2d 1119 (1981), and *Consolidation Coal v. Dist. 5, United Mine Workers,* 336 Pa.Super. 354, 485 A.2d 1118 (1984), is unavailing. Neither case stands for the proposition that a mere erosion of the trust between two contracting parties is sufficient harm to support a cause of action seeking damages for tortious interference against the party that allegedly caused that erosion of trust.

This count rests upon statements allegedly made by certain of the appellees to the District Attorney and State Police in which appellees accused appellant of perjury. The trial court found these statements to be absolutely privileged and dismissed the defamation count.[2] Since we agree that these statements are absolutely privileged as statements preliminary to a judicial proceeding, we affirm the trial court's dismissal of this count.

It has long been the law of Pennsylvania that statements made by judges, attorneys, witnesses and parties in the course of or pertinent to any stage of judicial proceedings are absolutely privileged and, therefore, cannot form the basis for liability for defamation. *See Binder v. Triangle Publications, Inc.*, 442 Pa. 319, 275 A.2d. 53 (1971); *Post v. Mendel*, 510 Pa. 213, 507 A.2d 351 (1986); *Triester v. 191 Tenants Association*, 272 Pa.Super. 271, 415 A.2d 698 (1979). The policy behind this principle is manifest:

> The reasons for the absolute privilege are well recognized. A judge must be free to administer the law without fear of consequences. This independence would be impaired were he to be in daily apprehension of defamation suits. The privilege is also extended to parties to afford freedom of access to the courts, to witnesses to encourage their complete and unintimidated testimony in court, and to counsel to enable him to best represent his client's interests. Likewise, the privilege exists because the courts have other internal sanctions against defamatory statements, such as perjury or contempt proceedings.

*Binder*, 442 Pa. at 323–24, 275 A.2d at 56 (1971).

The limitations on the scope of this privilege are equally well-defined. As the Supreme Court has explained,

---

**2.** The trial court also found that even if the statements were not privileged, nevertheless they were not capable of being construed to have a defamatory meaning, given the limited nature of the audience to which the statements were published. Although this may be an equally plausible ground for dismissal of the defamation count, we need not address this issue because of our finding that the statements in question were privileged.

the "protected realm" is limited to "those communications which are issued *in the regular course of judicial proceedings* and which are *pertinent and material to the redress or relief sought." Post,* 510 Pa. at 221, 507 A.2d at 355 (emphasis supplied). Importantly, the existence of the privilege does not depend upon the motive of the defendant in making the allegedly defamatory statement. The privilege is absolute and cannot be destroyed by abuse. *Greenberg v. Aetna Ins. Co.,* 427 Pa. 511, 235 A.2d 576 (1967), *cert. denied sub nom., Scarselletti v. Aetna Casualty & Surety Co.,* 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed.2d 1366 (1968); *Triester,* 272 Pa.Super. at 277–79, 415 A.2d at 702 (1979).[3] Moreover, the privilege extends not only to communications made in open court, but also encompasses pleadings and even less formal communications such as preliminary conferences and correspondence between counsel in furtherance of the client's interest. *Moses v. McWilliams,* 379 Pa.Super. 150, 549 A.2d 950, 956 (1989) (en banc), *appeal denied,* 521 Pa. 630, 631, 558 A.2d 532 (1989) (privilege is accorded to pre-trial communications between witnesses and counsel); *Pelagatti v. Cohen,* 370 Pa.Super. 422, 536 A.2d 1337, 1344 (1987) (privilege is accorded to communications pertinent to *any* stage of judicial proceedings). Lastly, all doubt as to whether the alleged defamatory communication was indeed pertinent and material to the relief or redress sought is to be resolved in favor of pertinency and materiality. *Greenberg v. Aetna Ins. Co.,* 427 Pa. at 516, 235 A.2d at 578. Whether a particular statement is absolutely privileged is a question of law for the court. *Agriss v. Roadway Express, Inc.,* 334 Pa.Super. 295, 483 A.2d 456 (1984).

The issue presented in this case is whether statements made solely to law enforcement officials in which an

---

3. Of course, even an absolute privilege may be lost through overpublication, i.e. publication of the defamatory material to unauthorized persons. *See Agriss v. Roadway Express, Inc.,* 334 Pa.Super. 295, 483 A.2d 456, 463 (1984). In the case of the judicial privilege, overpublication may be found where a statement initially privileged because made in the regular course of judicial proceedings is later republished to another audience outside of the proceedings. *Pelagatti,* 370 Pa.Super. at 439, 536 A.2d at 1345.

accusation of a crime, i.e. perjury, is made, and which are made for the purpose of inducing those officials to bring criminal charges against the accused, are absolutely privileged. To clarify our analysis, we begin by pointing out that we do not analyze the statements in question in connection with any of the various civil actions described above in which appellant and appellees are presently involved, either as parties or as counsel. Clearly, these statements were made outside of those proceedings and did not in any way relate to the adjudication of the claims at issue in those proceedings. Thus, they cannot be considered privileged statements made by the parties or counsel in those proceedings.

The true question is whether these statements should be considered privileged because they were preliminary to the criminal proceedings which appellees were attempting to initiate when they made the statements to the police and district attorney. Therefore, we consider whether statements made preliminary to a criminal proceeding, made solely to the officials who might be responsible for prosecuting the criminal charges, and made by private parties for the purpose of initiating the prosecution of those charges, are absolutely privileged.

Although we have not found a Pennsylvania case specifically addressing this issue, we find that the policies underlying the judicial privilege equally justify a finding of privilege under the circumstances of this case.

Support for this application of the absolute judicial proceedings privilege is found in Section 587 of the Restatement (Second) of Torts.[4] Section 587 describes the privilege as applied to parties to judicial proceedings as follows:

A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is absolutely privileged to publish defamatory matter concerning another in

4. This section of the Restatement has been relied upon by this court as providing an accurate description of the defense of absolute privilege for parties to judicial proceedings. See Triester v. 191 Tenants Association, 272 Pa.Super. at 275–79, 415 A.2d at 701–02.

communications preliminary to a proposed judicial pro-
ceeding, or in the institution of or during the course and
as a part of, a judicial proceeding in which he participates,
if the matter has some relation to the proceeding.

The comment to this Restatement section goes on to
explain:

b. The rule stated in this Section is applicable to protect
parties to any action before a judicial tribunal. It is
immaterial whether the action is criminal or civil in char-
acter. Thus the rule applies to a litigant in a civil action,
a defendant in a criminal prosecution, or one who, as
private prosecutor, formally initiates a criminal action or
applies for a search warrant by a written complaint under
oath, made to the proper officer, charging another with
crime. It applies to communications made by a client to
his attorney with respect to proposed litigation *as well as
to information given and informal complaints made to
a prosecuting attorney or other proper officer prelimi-
nary to a proposed criminal prosecution whether or
not the information is followed by a formal complaint
or affidavit.*

Restatement (Second) Torts § 587, comment b (emphasis
added).

We completely concur in this statement of the scope of
the absolute judicial privilege as it applies to private parties
involved in providing information to the proper authorities
in connection with the suspected commission of a crime. As
stated above, according absolute privilege to statements
made in or preliminary to judicial proceedings aims at
ensuring free and uninhibited access to the judicial system.
This policy is obviously served by application of the privi-
lege to statements made solely to law enforcement officials
for the purpose of initiating criminal charges. Although
such statements may ultimately prove to be false or mali-
ciously motivated, the same may be said of statements
made by a party who consults with his or her attorney
preliminary to instituting a civil action, or of statements
made by counsel in preliminary conferences or negotiations

on their client's behalf. Nevertheless, such statements are deemed to be absolutely privileged because the policy concerns stated above outweigh the right of the defamation plaintiff to seek redress for harm caused by the statements. *See Pelagatti v. Cohen, supra.* *See also Post v. Mendel, supra* (Supreme Court suggests that if statements accusing attorney of unethical conduct and accusing client of perjury had been made only to those officials responsible for bringing disciplinary proceedings and/or criminal charges against those accused, absolute judicial privilege would apply).

In the instant case, the statements in question were made solely to law enforcement officials and there is no allegation that they were republished to any other audience. The content of the statements as alleged by appellant in the complaint was limited to the accusation of perjury—no extraneous defamatory content is alleged. Moreover, the complaint concedes that the statements were made at least in part for the purpose of convincing the proper authorities to institute criminal proceedings against appellant. Clearly such statements fit squarely within the absolute privilege as described above.

The order of the trial court is affirmed.