Linda SLATER

v.

Richard E. MARSHALL and Montgomery County Community College.

Civ. A. No. 94–CV–6382.

United States District Court, E.D. Pennsylvania.

Aug. 18, 1995.

Philip Matthew Stinson, Sr., Bochetto & Lentz, Philadelphia, PA, for plaintiff.

Michael Brodie, Brodie & Rubinsky, Philadelphia, PA, for defendant Marshall.

Wendy C. Rothstein, Pearlstein/Salkin Associates, Lansdale, PA, Michael I. Levin, Michael I. Levin & Associates, Willow Grove, PA, for defendant Montgomery Co. Community College.

## MEMORANDUM

JOYNER, District Judge.

Plaintiff, Linda Slater, has filed a Motion to Dismiss Defendant Richard E. Marshall's Counterclaim against her for defamation. Plaintiff's Complaint alleges that Defendant Marshall is a professor at Montgomery County Community College (MCCC)[1] who sexually harassed and stalked Plaintiff while she was his student. Defendant's Counterclaim alleges that Plaintiff defamed him when she reported the alleged stalking to another teacher at MCCC.[2]

---

1. MCCC is also a defendant to this action.

2. The Counterclaim also alleges that Plaintiff defamed Defendant when she reported the alleged stalking to several police officers. Based on the

*Standard of Review*

■ In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

*Analysis*

The Counterclaim alleges that Plaintiff told Holly Cairns, a part-time faculty member of MCCC, that Defendant had stalked Plaintiff. Plaintiff argues that this defamation claim should be dismissed because any statements she made were absolutely privileged under the judicial proceedings privilege doctrine.[3]

■ The Pennsylvania Supreme Court, in *Post v. Mendel*, 510 Pa. 213, 507 A.2d 351 (1986) has set the parameters of the judicial proceedings privilege. The Supreme Court held that this absolute privilege shields any and all communications made in connection with a judicial proceeding. *Id.* at 217, 507 A.2d at 353. This privilege protects statements in open court, as well as pleadings, preliminary conferences, correspondence between counsel in furtherance of a client's interest and pre-trial communications between counsel and witness. *Pawlowski*, 403 Pa.Super. at 81, 588 A.2d at 41 (citing cases). The privilege is not limited to communica-

tions made only after the institution of a suit. Rather, it also protects "defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding." *Id.* at 83, 588 A.2d at 42 (quoting Restatement (Second) of Torts § 587).

■ Plaintiff asserts that her statements were in the course of a judicial proceeding because her Complaint was filed on October 20, 1994, and the Counterclaim alleges that her statements were made in "late October, 1994." She argues that as a result, "clearly any statements made by [Plaintiff] in 'late October' were in the context of being in the course of or pertinent to any stage of judicial proceeding." Pl.'s Brief at 4. This argument appears to assert that if a judicial proceeding is contemplated, any communications made to any person that relate in any way to the subject matter of the judicial proceeding are absolutely privileged. This argument is not an accurate reading of Pennsylvania's law.

In *Post*, the Supreme Court expressly limited the absolute privilege's scope and ruled that a defamatory letter was not absolutely privileged when it was copied to a judge, the Supreme Court's Disciplinary Board and an alleged client of the person the letter defamed. The letter was from one attorney to another, and criticized the other attorney for his alleged unethical behavior before a Pennsylvania court. The defendant argued that because the letter concerned the plaintiff's behavior in a judicial proceeding that the letter was therefore absolutely privileged. The defendant also argued that the letter was intended to institute disciplinary proceedings, and so was absolutely privileged under the Restatement's § 587.

The Supreme Court held that the judicial proceedings privilege extended only to communications issued *"in the regular course of judicial proceedings* and which are *pertinent*

ruling in *Pawlowski v. Smorto*, 403 Pa.Super. 71, 588 A.2d 36 (1991), Defendant concedes that this aspect of his defamation claim should be dismissed.

**3.** Plaintiff does not seek to dismiss the counterclaim on the basis that it does not state a claim for defamation. For the purposes of this motion, therefore, we assume that the statement does state a cause of action for defamation.

*and material to the redress or relief sought."* 510 Pa. at 221, 507 A.2d at 355 (quoting *Kemper v. Fort,* 219 Pa. 85, 67 A. 991 (1907)) (emphasis in original). With respect to defamatory communications made prior to the commencement of a judicial proceeding, the Supreme Court limited the privilege to communications made "in the regular course of *preparing for* contemplated proceedings." *Id.* at 223, 507 A.2d at 356 (emphasis added). As a result, because the letter was not directly relevant to the court proceedings and because it was not in the regular course of a disciplinary proceeding to copy such a letter to the judge and the client, the Supreme Court held that the letter was not privileged. *Id.* at 221–24, 507 A.2d at 356–57.

Here, Plaintiff allegedly told Defendant's co-worker that Defendant had stalked Plaintiff. The Counterclaim does not allege that Ms. Cairns was an appropriate person to whom a student would report such a matter. Nor does it allege that Plaintiff spoke to Ms. Cairns in the regular course of preparation of this lawsuit. The Counterclaim, accordingly, pleads no facts to indicate that the judicial proceedings privilege applies. For this reason, Plaintiff's Motion to Dismiss Defendant's Counterclaim is denied.

An appropriate Order follows.

### ORDER

AND NOW, this 18th day of August, 1995, upon consideration of Plaintiff's Motion to Dismiss Counterclaim of Defendant Richard Marshall Pursuant to Rule 12(b)(6) and response thereto, the Motion is hereby GRANTED in PART and DENIED in PART. The Motion is hereby GRANTED in that Defendant Marshall's Counterclaim of defamation based on statements made to police officers is hereby DISMISSED with PREJUDICE. The Motion is hereby DENIED in all other respects.