**Kenneth RICHMOND, Esquire,
Appellant**

v.

**Joseph J. McHALE, Esquire, Appellee.**

Superior Court of Pennsylvania.

Submitted Nov. 21, 2011.

Filed Jan. 4, 2012.

---

E. William Hevenor, Philadelphia, for appellant.

Francis J. Grey, Jr., Philadelphia, for appellee.

BEFORE: STEVENS, P.J., FORD ELLIOTT, P.J.E., and COLVILLE*, JJ.

**OPINION BY STEVENS, P.J.:**

Appellant/Plaintiff Kenneth Richmond, Esq. (hereinafter "Appellant") appeals from the Order entered in the Court of Common Pleas of Philadelphia County on January 25, 2011, dismissing his Complaint with prejudice and sustaining the preliminary objections of Appellee/Defendant Joseph J. McHale, Esq. (hereinafter "Appellee"). Upon our review of the record, we affirm.

In its Opinion, the trial court summarizes the relevant facts herein as follows:

> [Appellant] was a lead attorney of record for Plaintiffs in a civil matter captioned *John and Jane Doe v. Schneider, et al* in the Federal District Court for the Eastern District of Pennsylvania docketed there at number 2:08–cv–03805 which is the underlying civil case. (Complaint ¶ 3). This underlying civil case alleges sexual abuse of a minor and a breach of fiduciary responsibility by certain defendants named therein who were legal guardians of the abused plaintiff while he was a minor. (Complaint ¶ 4). Following denial of Defendants' Motion to Dismiss in the underlying civil case, on or about December 10, 2009[,] [Appellee] and other attorneys from the firm Stradley Ronon, substituted their appearance as defense counsel. (Complaint ¶ 5). In conjunction with the substitution of appearance for the defendant in the underlying civil action [Appellee] telephoned to introduce himself and to request a face to face meeting with [Appellant] to be "brought up to speed." (Complaint ¶ 6).

> On December 23, 2009[,] [Appellee], along with three other attorneys involved in the underlying civil action, met at [Appellant]'s office. According to [Appellant], the meeting was a discussion between him, [Appellee], and three other attorneys involved in the underlying Federal action which was for the purpose of resolving a potential discovery issue. (Complaint ¶ 7). Plaintiff requested a physical examination of Defendant in the underlying civil action. (No formal Motion had been presented to the [c]ourt). (Complaint ¶ 7). Responding to this request for the physical examination, [Appellee] stated that he would not agree to it on his client's behalf. (Complaint ¶ 8). [Appellee] then accused [Appellant] of using this proposed examination to extort money from his clients. (Complaint ¶ 8). [Appellant] asked [Appellee] to repeat his comment. (Complaint ¶ 9). [Appellee] then repeated the statement, saying, "You are extorting this family and I am not allowing you to get away with it." (Complaint ¶ 9). [Appellant] then asked [Appellee] to leave his office. (Complaint ¶ 10).

> A Complaint was filed November 12, 2010. The Complaint alleges that [Appellee] made the comment maliciously in an attempt to induce fear of criminal prosecution against [Appellant] [ ]. (Complaint ¶¶ 14, 16). [Appellant] further alleges that [Appellee], in making the comments, adversely affected [Appellant's] ability to practice law and damaged his professional reputation. (Complaint ¶ 21).

> On December 6, 2010, [Appellee] filed his Preliminary Objections. [Appellee] argued that the allegedly slanderous comments were made in the course of litigation and are absolutely privileged and therefore are precluded as a basis of a slander claim. (Preliminary Objections ¶ 5). Additionally the

---

* Retired Senior Judge assigned to the Superior Court.

Complaint fails to state a claim because the comments made by [Appellee] were not defamatory as a matter of law. (Preliminary Objections § B). [Appellee] argues that given the context of the meeting, the individuals in attendance and the absence of any evidence of intent to harm [Appellant]'s character, his comments cannot be construed as defamatory. (Preliminary Objections ¶ 61).

On December 16, 2010[,] [Appellant] responded to [Appellee]'s Preliminary Objections. First, Plaintiff claims that the December 2009 meeting between [Appellant] and [Appellee] was not a judicial proceeding and thus should not be accorded privilege. ([Appellant]'s Response pg. 5)[.] Second, [Appellant] alleges the statements constituted slander because the comments impugned his integrity and blackened his business reputation. (Plaintiff's Response pg. 6).

[Appellee]'s December 20, 2010[,] reply stated that "judicial proceedings" are not to be construed narrowly to only include matters before a judge or in the court. ([Appellee]'s Reply pg. 1). [Appellant] then filed his sur-reply two days later, on December 22, 2010. [Appellant] again argues that the meeting was not a "judicial proceeding" related to discovery because Federal Rules of Civil Procedure unambiguously define Discovery Conferences in Rule 26 and Plaintiff alleges this meeting did not fit under the Rule's definition.

Trial Court Opinion filed 8/4/11 at 1–3.

Appellant filed a timely appeal on February 1, 2011. The trial court ordered Appellant to file a statement of matters complained of on appeal on February 7, 2011, and Appellant did so on February 10, 2011. The trial court filed its Opinion on August 4, 2011.

In his brief, Appellant sets forth the following statement of questions involved:

I. Did the trial court err, as a matter of law, when it determined that [Appellant's] complaint failed to state a cause of action for slander and professional disparagement?

II. Did the trial court abuse its discretion when it made factual determinations of affirmative defenses consisting of qualified privilege, lack of malice and lack of harm without any rule 1030(A) pleading? [1]

Brief for Appellant at 4.

■ At the outset, we note that Appellant has waived his second claim. As a panel of this Court has stated:

It is black-letter law that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Where a party erroneously asserts substantive defenses in preliminary objections rather than to raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections. *Duquesne Slag Products v. Lench*, 490 Pa. 102, 415 A.2d 53 (1980); *Button v. Button*, 378 Pa.Super. 142, 548 A.2d 316 (1988). In this instance, the preliminary objections of Attorney Rosenzweig were properly before the trial court. Having failed to file preliminary objections to Rosenzweig's preliminary

---

1. Appellant apparently is referencing Pa. R.Civ.P. 1030(a) which provides, in relevant part, that: "(a)[e]xcept as provided in subdivision (b), all affirmative defenses including but not limited to the defenses of … privilege … shall be pled in a responsive pleading under the heading "New Matter"." Pa.R.Civ.P. 1030(a).

objections in the trial court, Preiser has failed to preserve this issue for appellate review. This issue is waived.

*Preiser v. Rosenzweig,* 418 Pa.Super. 341, 614 A.2d 303, 305 (1992), *appeal granted,* 535 Pa. 637, 631 A.2d 1009 (1993), *aff'd,* 538 Pa. 139, 646 A.2d 1166 (1994). *See also, Soto v. Nabisco, Inc.,* 32 A.3d 787, 788 n. 2 (Pa.Super.2011) (observing that statutory immunity from suit is an affirmative defense that should be raised in new matter in a responsive pleading and should not be raised in preliminary objections to a complaint, but an opposing party's failure to object to the manner of pleading resulted in the waiver of any procedural defect and allowed the trial court to rule on the preliminary objections).

Herein, Appellee filed his preliminary objections on December 6, 2010, and Appellant filed his Response to [Appellee's] Preliminary Objections on December 16, 2010. Appellee retorted on December 20, 2010, and Appellant filed a Response to [Appellee's] Reply in Support of his Preliminary Objections on December 22, 2010. At no time did Appellant assert that the privilege defense should have been raised in a responsive pleading titled New Matter. As such, we find this claim to be waived.

We next turn to Appellant's first question. The standard of review we apply when considering a trial court's denial of preliminary objections is well settled.

[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak,* 15 A.3d 937, 941 (Pa.Super.2011) (quoting *Haun v. Community Health Systems, Inc.,* 14 A.3d 120, 123 (Pa.Super.2011)).

*Wayne M. Chiurazzi Law Inc. v. MRO Corp.,* 27 A.3d 1272, 1277 (Pa.Super.2011).

42 Pa.C.S.A. § 8343 provides the following:

**(a) Burden of plaintiff.**—In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:

(1) The defamatory character of the communication.

(2) Its publication by the defendant.

(3) Its application to the plaintiff.

(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion.

**(b) Burden of defendant.**—In an action for defamation, the defendant has the burden of proving, when the issue is properly raised:

(1) The truth of the defamatory communication.

(2) The privileged character of the occasion on which it was published.

(3) The character of the subject matter of defamatory comment as of public concern.

42 Pa.C.S.A. § 8343; *See also, Connor v. Archdiocese of Philadelphia*, 601 Pa. 577, 610, 975 A.2d 1084, 1104 (2009).

■ In sum, Appellant maintains the meeting between Appellee and him did not constitute a judicial proceeding to which judicial privilege applies. Appellant relies upon *Post v. Mendel*, 510 Pa. 213, 507 A.2d 351 (1986) wherein our Supreme Court held that an extrajudicial communication in the form of a letter written by an attorney to opposing counsel which accused opposing counsel of improper trial tactics was not privileged with respect to possible future proceedings because the letter was not issued in the regular course of judicial proceedings and was published to persons who would have had no direct interest in any future proceedings which might have ensued. Brief for Appellant at 9–10.

To the contrary, Appellee contends that his statement is protected because it was made by one attorney to another during a discussion regarding discovery in a pending case. Appellee also argues that even if his words were not privileged, the statement was not slanderous as a matter of law because it was not, nor could it reasonably have been understood to be, defamatory by the attorney-only audience in the presence of whom it was uttered. Brief for Appellee at 7.

In determining that statements made to law enforcement officials for the purpose of inducing those officials to institute criminal charges against the accused were "absolutely privileged," a panel of this Court reasoned as follows:

It has long been the law of Pennsylvania that statements made by judges, attorneys, witnesses and parties in the course of or pertinent to any stage of judicial proceedings are absolutely privileged and, therefore, cannot form the basis for liability for defamation. *See Binder v. Triangle Publications, Inc.*, 442 Pa. 319, 275 A.2d 53 (1971); *Post v. Mendel*, 510 Pa. 213, 507 A.2d 351 (1986); *Triester v. 191 Tenants Association*, 272 Pa.Super. 271, 415 A.2d 698 (1979). The policy behind this principle is manifest:

> The reasons for the absolute privilege are well recognized. A judge must be free to administer the law without fear of consequences. This independence would be impaired were he to be in daily apprehension of defamation suits. The privilege is also extended to parties to afford freedom of access to the courts, to witnesses to encourage their complete and unintimidated testimony in court, and to counsel to enable him to best represent his client's interests. Likewise, the privilege exists because the courts have other internal sanctions against defamatory statements, such as perjury or contempt proceedings.

*Binder*, 442 Pa. at 323–24, 275 A.2d at 56 (1971).

The limitations on the scope of this privilege are equally well-defined. As the Supreme Court has explained, the "protected realm" is limited to "those communications which are issued *in the regular course of judicial proceedings* and which are *pertinent and material to the redress or relief sought.*" *Post*, 510 Pa. at 221, 507 A.2d at 355 (emphasis supplied). Importantly, the existence of the privilege does not depend upon the motive of the defendant in making the allegedly defamatory statement. The

privilege is absolute and cannot be destroyed by abuse. *Greenberg v. Aetna Ins. Co.*, 427 Pa. 511, 235 A.2d 576 (1967), *cert. denied sub nom., Scarselletti v. Aetna Casualty & Surety Co.*, 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed.2d 1366 (1968); *Triester*, 272 Pa.Super. at 277–79, 415 A.2d at 702 (1979). **Moreover, the privilege extends not only to communications made in open court, but also encompasses pleadings and even less formal communications such as preliminary conferences and correspondence between counsel in furtherance of the client's interest.** *Moses v. McWilliams*, 379 Pa.Super. 150, 549 A.2d 950, 956 (1989[1988]) (en banc), *appeal denied*, 521 Pa. 630, 631, 558 A.2d 532 (1989) (privilege is accorded to pre-trial communications between witnesses and counsel); *Pelagatti v. Cohen*, 370 Pa.Super. 422, 536 A.2d 1337, 1344 (1987) (privilege is accorded to communications pertinent to *any* stage of judicial proceedings). Lastly, all doubt as to whether the alleged defamatory communication was indeed pertinent and material to the relief or redress sought is to be resolved in favor of pertinency and materiality. *Greenberg v. Aetna Ins. Co.*, 427 Pa. at 516, 235 A.2d at 578. Whether a particular statement is absolutely privileged is a question of law for the court. *Agriss v. Roadway Express, Inc.*, 334 Pa.Super. 295, 483 A.2d 456 (1984).

\*　　\*　　\*

Although such statements may ultimately prove to be false or maliciously motivated, the same may be said of statements made by a party who consults with his or her attorney preliminary to instituting a civil action, *or of statements made by counsel in preliminary conferences or negotiations on their client's behalf. Nevertheless,*

*such statements are deemed to be absolutely privileged because the policy concerns stated above outweigh the right of the defamation plaintiff to seek redress for harm caused by the statements.*

*Pawlowski v. Smorto*, 403 Pa.Super. 71, 588 A.2d 36, 41–42 (1991) (footnote omitted) (emphasis added). *See also Marino v. Fava*, 915 A.2d 121, 124 (Pa.Super.2006), appeal denied, 592 Pa. 782, 926 A.2d 975 (2007) (holding that statements an uncle made in an application to have his nephew involuntarily committed along with those he later made at the commitment hearing were absolutely privileged and could not form the basis for a defamation action).

Herein, Appellant admits Appellee's allegedly defamatory comments were made during "a discussion ... relating to discovery" in the underlying federal action. *See* Complaint at ¶ 7. As the trial court noted in its Opinion:

In *Pelagatti* [*v. Cohen*, 370 Pa.Super. 422, 536 A.2d 1337 (1987), *appeal denied*, 519 Pa. 667, 548 A.2d 256 (1988)], an attorney brought an action against another attorney alleging libel and slander after the defendant made various allegations of wrongdoing on the part of the plaintiff. The Court affirmed the trial court decision extending privilege in this instance, saying, "Counsel must be enabled to best represent their clients' interests, without fear of reprisal through defamation actions. The courts have the appropriate internal sanctions to deal with defamatory statements given in the judicial proceedings ... thereby obviating the need for the threat of civil damages liability." *Id.* Here, [Appellant] brought an action against [Appellee] for comments made during a discovery conference between the lawyers involved in an underlying federal civil action. [Appellant] cannot use [Appellee's] com-

ments as a base [sic] for a defamation claim because *Pelagatti* extended privilege to attorneys meeting under the circumstances herein described. Because [Appellant] and [Appellee] met to discuss discovery in the underlying civil action, *Pelagatti* requires that privilege be accorded to [Appellee's] comments.

Additionally, Pennsylvania also broadly applies the privilege to "pertinent, relevant and material" to statements made during the judicial process. *Greenberg v. Aetna Ins. Co.*, 427 Pa. 511, 235 A.2d 576, 577 (1967). Courts have continually protected a variety of communications made at various proceedings as well as statements with only a minor relation to the underlying case. The Court ruled that statements made during judicial proceedings are privileged even if the statements are made "falsely or maliciously without reasonable and probable cause." *Id.* at 578. Here, it is clear that the comment was related to the underlying litigation. The comment was made in response to a request for a physical examination of [Appellee's] client. [Appellee] believed that the purpose of the request was to extort money from his client's family. Because the statements were made during a judicial proceeding that was limited to counsel for each side of the civil case and made in response to a discovery request, the allegedly defamatory statements have a bearing on the litigation and are absolutely protected. . . .

Trial Court Opinion, filed 8/4/11, at 5–6.

We agree with the trial court's analysis and find Appellee's statement was made in connection with his representation of his client in a judicial proceeding. Appellee's response was made following Appellant's discovery request in the ongoing, federal proceeding and in furtherance of his client's interests. It follows that the trial court properly sustained Appellee's Preliminary Objections.[2]

Order affirmed.

---

**2.** The trial court also found that even if the statement had not been privileged, Appellant failed to satisfy the defamation requirements established by 42 Pa.C.S.A. § 8343. *See* Trial Court Opinion, filed 8/11/04, at 6. "Although this may be an equally plausible ground for dismissal of the defamation count, we need not address this issue because of our finding that the statements in question were privileged." *Pawlowski*, 588 A.2d at 40, n. 2. Nevertheless, we are not bound by the rationale of the trial court and may affirm on any basis. *Ross v. Foremost Insurance Co.*, 998 A.2d 648, 656, n. 7 (Pa.Super.2010). We do note, however, that only counsel for the parties involved in the federal action were present at the meeting, and Appellant nowhere specifically avers such statements were thereafter published to third parties unrelated to the pending case or that he incurred special harm. *See Baker v. Lafayette College*, 516 Pa. 291, 532 A.2d 399 (1987)(finding a critical factor in determining whether a communication is capable of defamatory meaning is the nature of the audience hearing it, and opinion, without more, does not create a cause of action in libel).