J-A31013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JARMEN M. NELSON AND RAKI D. NELSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LA FITNESS INTERNATIONAL, LLC | |
| | No. 367 MDA 2015 |

Appeal from the Order Entered January 26, 2015
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-10-13380

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.          **FILED FEBRUARY 05, 2016**

Appellants, Jarmen M. and Raki D. Nelson ("the Nelsons"), appeal from the order granting LA Fitness International, LLC's ("the Gym") motion for summary judgment pursuant to the statute of limitations on the Nelson's claims for defamation.  After careful review, we affirm on a slightly different rationale.

On October 26 and 28, 2010, the Nelsons instituted separate actions for defamation against the Gym, which the trial court subsequently consolidated.  In their complaints, the Nelsons each asserted three separate claims for defamation against the Gym.  In 2014, the Gym filed a motion for

_____

[*] Retired Senior Judge assigned to the Superior Court.

summary judgment, arguing that the Nelsons' claims were barred by the applicable statute of limitations. The trial court found that, based upon the record, the Nelsons knew or should have known that they had a cause of action against the Gym more than a year before they filed their complaints, and granted the Gym's motion for summary judgment. This timely appeal followed.

On appeal, the Nelsons argue that the trial court erred in ruling, as a matter of law, that they knew or should have known of the existence of a cause of action against the Gym. We review a challenge to the entry of summary judgment as follows.

> [We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***E.R. Linde Const. Corp. v. Goodwin***, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted).

A review of the record in the light most favorable to the Nelsons provides the following summary. The Nelsons were members of the Gym on March 10, 2009, when the Harrisburg location of the Gym experienced several thefts in its locker room. After reporting the thefts to police, an investigation revealed that the Nelsons were the only non-regularly attending members at the facility at the time. Further investigation revealed that the Nelsons were not seen using exercise equipment at the time, but that they were loitering near the locker room.

No charges were filed on the Harrisburg thefts, but the Gym posted pictures of the Nelsons, advised members and employees that the Nelsons were suspects in the thefts, and instructed employees to surveil the Nelsons while they were at the Gym.

One employee of the Gym informed the Nelsons that the Gym suspected them of committing the thefts. Furthermore, the employee notified the Nelsons that the Gym had posted their pictures at the Harrisburg location and that they were under surveillance while attending the Harrisburg location. The Nelsons testified that this information did not cause them any alarm, as it was just rumors.

On October 30, 2009, a local television station reported that the Nelsons had been charged with thefts occurring in the Gym's Manheim Township facility. In fact, the Manheim Police had charged the Nelsons with thefts that had occurred in the Manheim location on March 10, 2009. The

officer who filed the charges recorded the following reasoning for the charges

> After reviewing [the investigative report from the Harrisburg thefts] and the log in sheet from [the Gym's corporate office,] I will be filing charges against [the Nelsons] for theft by unlawful taking, (ten counts).  Their pattern was to sign into [the Gym's] clubs in Harrisburg, York, and Lancaster on the days of the thefts for about ten minutes each, not working out but hanging around the male locker rooms, and the thefts were discovered shortly after they left the clubs.

Manheim Township Incident Report, 2009-MT-02343.  Shortly thereafter, the Nelsons turned themselves in to the Manheim Township Police and denied involvement in the thefts.

> Further investigation revealed that
>
> after contacting the Gym's corporate officers, it] appears that [the Nelsons] did check into the Harrisburg [location of the Gym] on March 10, 2009 but did not actually check into the York or Lancaster [facilities].
>
> The way it was explained to me was that once their names came up as suspects in Harrisburg, the call was made to the York and Lancaster gyms, then an employee at each ran their names to determine if they had been in either York or Lancaster gyms. Running their names showed up on the check in list even though they never actually checked into the York or Lancaster gym.
>
> …
>
> Even though the Harrisburg gym has some witnesses and further evidence to support [the Nelsons] as suspects, and the M.O. is the same in our thefts as in the Harrisburg thefts, the cases against [the Nelsons] in the Lancaster [location of the Gym] has no evidence that would support the prosecutions.

*Id*.  The Manheim Township charges against the Nelsons were therefore dropped shortly thereafter.

- 4 -

In granting summary judgment, the trial court's one and a half page discussion indicated that it believed that the Nelsons should have known of the defamatory statements when they were informed by the Gym's employee that the Gym suspected them of the thefts over a year before the Nelsons filed their complaint. The Nelsons argue that the issue of when they should have known about the defamatory statements in an issue of fact best left to the jury. We conclude that the trial court reached the correct conclusion as to most of the Nelsons' claims, however, its cursory reasoning is not entirely correct.

"[A] cause of action accrues, and thus the applicable limitations period begins to run, when an injury is inflicted." *Wilson v. El-Daief*, 964 A.2d 354, 361 (Pa. 2009) (citation omitted). In general, once the period of time prescribed by the applicable statute has passed, the plaintiff is barred from bringing suit. *See Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011). Here, the Nelsons concede on appeal that the applicable limitation period is one year. *See* Appellants' Reply Brief, at 1; 42 Pa.C.S.A. § 5523(1).

Rather, the Nelsons argue that the discovery rule delayed the start of the statutory limitation period. "The discovery rule applies to toll the statute of limitations in any case in which a party is reasonably unaware of his or her injury at the time his or her cause of action accrued." *Gleason*, 15 A.3d at 485 (citation omitted). The Gym argued, and the trial court concluded,

that the Nelsons were no longer reasonably unaware that they had been injured once the Gym's employee informed them that they were under suspicion and that their pictures had been posted in the Gym.

In defamation cases, Pennsylvania requires a showing of damage to reputation before any non-economic damages may be awarded. ***See Joseph v. Scranton Times, L.P.***, \_\_\_A.3d \_\_\_, 2015 WL 7432373 (Pa., filed Nov. 20, 2015). Absent a showing of malice, damages may not be presumed, even when allegations of criminal wrongdoing form the basis of the defamation claim. ***See id***., at *25. Thus, in order to apply the statute of limitations to a defamation claim, we must determine when the plaintiff suffered an injury to his reputation.

Here, both Nelsons admitted in their depositions that they were informed of the Gym's posting of their pictures and discussing their suspicions of the Nelsons at least several months before the Manheim Township Police Department filed charges on October 30, 2009. ***See*** N.T., deposition of Jarmen Nelson, 8/8/12, at 51-52; N.T., deposition of Raki Nelson, 6/19/12, at 83-84.[1] At that point in time, the Nelsons were on notice of any alleged defamation by the Gym to its employees or members,

---

[1] Both men testified at their depositions that this happened approximately one year before the charges were filed. However, the thefts occurred approximately seven months prior to the date charges were filed. Obviously, the Nelsons' credibility on the timing of the events is questionable, but it is fair to infer that the conversation in question occurred more than a month before the charges were filed.

and more importantly, made aware of a possible injury to their reputation, and the limitations period was not tolled. As such, the complaints filed by the Nelsons on October 26 and 28, 2010, were beyond the one year statute of limitations.

One claim, however, is based upon the injury suffered when the charges were filed and the story was published. This injury obviously did not occur until October 30, 2009. Since the Nelsons arguably testified that the earlier actions did not cause any injury to them, *see id*., it is plausible that this claim was timely filed. However, statements made to police during the course of an investigation are absolutely privileged, and cannot be considered legally defamatory. *See Pawlowski v. Smorto*, 588 A.2d 36, 42-43 (Pa. Super. 1991). The Gym raised this defense in its initial motion for partial summary judgment, and therefore was before the trial court at the time it granted summary judgment on the grounds of the statute of limitations. This court will affirm the trial court if any evidence of record supports its decision. *See The Brickman Group, Ltd. v. CGU Insurance Company, Inc.*, 865 A.2d 918, 928 (Pa. Super. 2004) ("We are not bound by the trial court's rationale, and may affirm on any basis."). We therefore affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2016