J-S61019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WILLIAM R. BARNES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SARAH MORRIS | |
| Appellee | No. 1865 WDA 2015 |

Appeal from the Order October 28, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-11-026803

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED OCTOBER 18, 2016**

William Barnes appeals from the order entered in the Court of Common Pleas of Allegheny County granting Sarah Morris' preliminary objections in the nature of a demurrer.[1]  We affirm.

Because the trial court properly determined that the statute of limitations had expired on each of Barnes' tort claims against Morris, we affirm based on the opinion authored by the Honorable Timothy Patrick

---

[1] Our standard of review of an order sustaining preliminary objections in the nature of a demurrer and dismissing a complaint is limited to determining whether the trial court committed a legal error or abused its discretion. **Feingold v. Hendrzak**, 15 A.3d 937 (Pa. Super. 2011).

J-S61019-16

O'Reilly.[2]  We direct the parties to attach a copy of that opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2016

_____

[2] Although the statute of limitations is an affirmative defense to be raised as new matter in a responsive pleading, not by means of preliminary objections in nature of demurrer, **see** Pa.R.C.P. 1030, we note that Barnes did not object to Morris' raising of the statute of limitations in preliminary objections. Plaintiff's Response to Defendant's Preliminary Objections, 9/23/15. **See Lamp v. Heyman**, 366 A.2d 882 (Pa. 1976) (since plaintiff appellant did not object to issue being raised by way of preliminary objections either in trial court or on appeal and since additional defendants raised issue as new matter and plaintiff then admitted underlying factual allegation, Supreme Court would proceed to determination of whether plaintiff was barred by statute of limitations); **Richmond v. McHale**, 35 A.3d 779, 782–83 (Pa. Super. 2012); **DeMary Latrobe Printing & Pub'g Co.**, 762 A.2d 758, 762 (Pa. Super. 2000).

- 2 -

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

WILLIAM R. BARNES,          )    CIVIL DIVISION

                           )

                           )    No. GD-11-26803

        Plaintiff,      )

                           )

                           )

        vs.           )

                           )

SARAH MORRIS,         )

                           )

        Defendant.    )

## MEMORANDUM ORDER

This case involves one of the most emotionally charged issues in our country today – Abortion vel non.

On December 11, 2010 Plaintiff, William R. Barnes (Barnes) in furtherance of his anti-abortion views attended a "prayer-in" or vigil in the vicinity of the offices of Planned Parenthood of Western Pennsylvania, at 933 Liberty Avenue in Downtown, Pittsburgh. He brought with him a small plaster statue of the Blessed Virgin Mary.

Defendant, Sarah Morris (Morris), apparently of diametrically opposed views to Barnes, is alleged to have approached him and snatched the statue from him and ran way with it. A prompt hew and cry arose and Morris was apprehended and charged with an appropriate criminal offense. The same was adjudicated and she was placed on ARD and directed to pay restitution. That restitution was $150.00 and was paid to Barnes.

1

316

One would think the matter would have ended there. Not so.

Barnes, proceeding pro se but with some apparent internet expertise, filed a praecipe for Writ of Summons against Planned Parenthood only on December 22, 2011. After an exchange of Pleadings and Motions, Barnes was given leave to add Morris as a Defendant on April 17, 2012. That order also permitted Barnes to serve interrogatories on Morris. Morris was served with the re-issued Writ and the Interrogatories on April 29, 2012.

The docket entries further show that Planned Parenthood on June 14, 2012 filed a ten day notice of intention to take judgment of non-pros against Barnes. Thereafter there is no further entry as to Planned Parenthood.

On August 3, 2015, Barnes filed his Complaint but only against Morris.

Morris thereafter filed Preliminary Objections and I heard Argument on them on September 24, 2015.

In his Complaint, Barnes alleges 6 counts of tortious conduct by Morris to wit:

a. Assault and Battery

b. Conversion

c. Conspiracy

d. Intentional infliction of Severe Emotional Distress

e. Invasion of Privacy and Trespass

f. Religious Persecution

As noted above, the Praecipe for Writ of Summons was re-issued on April 18, 2012 and served on April 29, 2012. The Complaint was not filed until August 3, 2015, and period of 3 years. and 3 months elapsed. The Statute of Limitations is two years for all of Barnes' Tort claims except for Invasion of Privacy which is one year 42 Pa. C.S.A. § 5523, 5524 the re-issuance and service of the writ only extended the Statute of Limitations for an equivalent period, that is 2

2

years. Thus the writ served on April 29, 2012 only extended the Statute of Limitations for an equivalent period (two years) or only until April 29, 2014. See Lamp vs. Heyman, 366 A.2d 882 (Pa. 1976). According to Rule 401(a), original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint. Rule 401(b)(4) states that a reissued, reinstated or substituted writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this rule. Thus, the Statute of Limitations on all of Barnes' Tort claims has expired. Accordingly his Complaint was DISMISSED.

While the Rules contemplate the Statue of Limitations being raised as New Matter, recent cases have permitted it to be considered in a Preliminary Objection context when the basis is clear. I find that to be the case here. Hence my order.

BY THE COURT,

14 December 2015

3