J-S08036-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD OLIVER WILLIAMS, JR. | : | |
| | : | No. 1203 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order August 1, 2017
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0002148-2011

BEFORE: LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                FILED FEBRUARY 26, 2018

Appellant Richard Oliver Williams, Jr., appeals from the Order entered in the Court of Common Pleas of Westmoreland County on August 1, 2017, denying as untimely his petition filed pursuant to the Post Conviction Relief Act.[1] We affirm.

On May 5, 2011, officers stopped the vehicle in which Appellant was a passenger for speeding. N.T. Preliminary Hearing, 6/6/11, at 5-6. Due to several indicators that there may be criminal activity afoot, including "an overwhelming odor of incense coming from the vehicle," officers asked the driver to search the vehicle, and she consented. Id. at 10. Pursuant to the search, officers discovered loose marijuana on the front passenger floor and

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

* Former Justice specially assigned to the Superior Court.

one hundred bricks of heroin in the trunk of the vehicle. Id. at 10-11, 14. At that time, Appellant was on state parole from a sentence of three and one-half years to sixteen years in prison imposed in Lackawanna County. N.T. Sentencing, 1/13/14, at 4.[2]

Appellant's jury trial was scheduled to commence on August 6, 2013. Prior thereto, Appellant entered into a guilty plea with the Commonwealth whereby the Commonwealth agreed to a sentence of six years to twelve years in prison. In addition, Appellant offered to provide the Commonwealth with information in an unrelated matter. As a result, the Commonwealth further agreed that Appellant could present evidence of his cooperation in that matter at the time of sentencing herein which would permit the trial court to reduce his sentence to not less than five years; therefore, Appellant's sentencing was deferred. N.T. Guilty Plea Hearing, 8/6/13, at 5-6, 26.

The trial court engaged Appellant in a thorough written and oral colloquy prior to his entering a guilty plea. See Written Guilty Plea Colloquy, dated 8/6/13; N.T. Guilty Plea Hearing, 8/6/13, at 11-27. Significantly, the agreement regarding Appellant's potential sentence for his plea contained in his Written Guilty Plea Colloquy did indicate "6-12 years, concurrent to current state sentence, with cooperation may be further reduced at Judge Bell's discretion"; however, additional language stating the sentence would run

---

[2] The cover sheet of the transcript of the sentencing hearing erroneously lists the date of the proceeding as January 13, 2013.

concurrent to "state parole violation time" was crossed out. Written Guilty Plea Colloquy, dated 8/6/13, at ¶ 8. Appellant admitted that he was on probation or parole presently, he understood that a guilty plea could result in an additional sentence for a violation of that probation of parole and any resulting sentence imposed as a result of the violation "may be consecutive to, or in addition to, any sentence in this case." Id. at ¶ 10.

Furthermore, the trial court advised Appellant at the Guilty Plea Hearing as follows:

> This plea of guilty will most definitely violate [the state] parole, and it will be up to the state parole board to determine what the outcome will be. No Judge has any jurisdiction at this time to deal with that violation. It's up to the state parole board if you're on state parole.

Id. at 19-20. Appellant indicated he understood this circumstance. Id.

At the sentencing hearing on January 13, 2014, the trial court stated on the record its intention to impose a sentence of five and one half years to eleven years in prison due to Appellant's attempts to cooperate in an unrelated matter. N.T. Sentencing Hearing, 1/13/14, at 3. Trial counsel stated "that the agreement with the Commonwealth was to be run [sic] concurrent to his current sentence, his current state sentence." Id. at 4. The Commonwealth responded that "[it] express[ed] no opinion about it being consecutive, so it's going to be concurrent as a matter of course." Id. at 4. When imposing its sentence, which was below the sentencing guidelines range, the trial court

stated it was "to run concurrently with any other sentence he's presently serving." Id. at 12.

Appellant did not file a direct appeal following the imposition of his sentence. On July 20, 2016, counsel filed his Petition to Withdraw as Counsel. Attached thereto as "Exhibit A" was a letter dated July 5, 2016, and authored by Appellant. Therein, Appellant indicated he was "preparing to file a Motion with the court pro-se and, if you are still of record I will not be able to."

On July 27, 2016, Appellant filed pro se a Motion for Sentencing Transcripts wherein he indicated his intention to file "appropriate Post Conviction Relief Motions with the court." See Motion for Sentencing Transcripts, filed 7/27/16, at ¶ 3. He further claimed that such a petition "may, and probably will, include claims of Ineffective Assistance of Counsel" and requested that he be permitted to proceed pro se. Id. at ¶ 5. In its Order entered on August 1, 2016, the trial court granted Appellant's motion, directed the clerk of courts to provide Appellant with the requested transcripts within thirty (30) days, and permitted Appellant to proceed pro se.

On January 13, 2017, Appellant filed a PCRA petition, pro se. Therein, Appellant alleged trial counsel's ineffectiveness induced him to enter a guilty plea on an erroneous belief that his sentence in the instant matter was to run concurrently with his sentence that had been imposed as a result of a state parole violation, although such sentence was illegal. Counsel was appointed on January 26, 2017, and filed an amended PCRA petition on March 9, 2017,

asserting similar claims and explaining that Appellant did not learn that the Department of Corrections (DOC) was running the sentences consecutively until October 12, 2016, at which time he filed a grievance that was denied on December 16, 2016. Appellant reasoned that the filing of the instant petition, therefore, was timely, as he had no factual basis for filing the same until the denial of his grievance. See Amended Petition for Post-Conviction Collateral Relief, 3/9/17, at ¶ 6-9.

The PCRA court conducted a hearing on the petition on May 11, 2017. After providing notice of its intention to dismiss Appellant's motion for PCRA relief, the PCRA court entered an Order dismissing the same on August 1, 2017. Appellant filed a timely appeal on August 22, 2017.

In his brief, Appellant presents the following Statement of Questions Involved:

> 1. Whether the court below erred in denying PCRA relief despite the fact that [A]ppellant was subjected to ineffective assistance of counsel in the plea negotiation. See Commonwealth v. Kelley, 136 A.3d 1007 (Pa.Super. 2016).[3]

When reviewing the propriety of an order denying PCRA relief, this Court is limited to a determination of whether the evidence of record supports the PCRA court's conclusions and whether its ruling is free of legal error.

---

[3] Claims related to the plea-bargaining process where there is no assertion of innocence properly fall under the PCRA's ineffectiveness subsection, rather than the subsection relating to guilty pleas. As such, Appellant's issue is cognizable under the PCRA. See Commonwealth v. Lynch, 820 A.2d 728, 731-32 (Pa.Super. 2003), appeal denied, 835 A.2d 709 (Pa. 2003).

Commonwealth v. Robinson, 635 Pa. 592, 603, 139 A.3d 178, 185 (2016). This Court will not disturb the PCRA court's findings unless there is no support for them in the certified record. Commonwealth v. Lippert, 85 A.3d 1095, 1100 (Pa.Super. 2014).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary. Commonwealth v. Callahan, 101 A.3d 118, 121 (Pa.Super. 2014).

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden of pleading and proving an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. Commonwealth v. Taylor, 65 A.3d 462, 468 (Pa.Super. 2013). This is true even where, as herein, the appellant challenges the legality of his sentence. Commonwealth v. Fahy, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999) (holding that while legality of sentence is always subject to review within the PCRA, claims challenging the legality of sentence must first satisfy the PCRA's time limits or one of the exceptions thereto).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

(b) Time for filing petition.--

(1)    Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  In addition, any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).  It is well-settled that an allegation of ineffectiveness of counsel is not sufficient justification to overcome otherwise untimely PCRA claims. See Commonwealth v. Wharton, 584 Pa. 576, 588, 886 A.2d 1120, 1127 (2005).

Herein, Appellant's judgment of sentence was entered on January 13, 2014, and he did not file a direct appeal.  Thus, his judgment of sentence became final thirty days thereafter on or about February 13, 2014, at which time Appellant's time for filing a direct appeal expired.  See 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and

the Supreme Court of Pennsylvania or at the expiration of time for seeking the review"). A timely petition had to be filed by February 13, 2015; therefore, the instant PCRA petition filed almost two years later on January 13, 2017, and amended on March 9, 2017, is patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. See 42 Pa.C.S.A. § 9545(b)(1); Commonwealth v. Perrin, 947 A.2d 1284, 1286 (Pa.Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

As stated previously, Appellant posits he was "subjected to an illegal sentence due to his attorney advising him incorrectly with respect to his sentence running concurrently with his state parole violation." Brief for Appellant at 6. Appellant reasons that because he was unaware of the potential illegality of his sentence until December 6, 2016, the date upon which the DOC denied his previously-filed grievance and notified him of the prohibition of concurrent sentences to state parole violations under 61 Pa.C.S.A. § 6138,[4] the instant PCRA petition was timely-filed. Brief for Appellant at 8.

_____

[4] Commonly referred to at the Parole Act, this statute states, in pertinent part,

(a)   convicted violators.--

In its Notice of Intention to Dismiss Motion for Post-Conviction Collateral Relief filed on June 30, 2017, which the PCRA court treated as its Opinion disposing of Appellant's petition, the PCRA court cogently discussed why Appellant cannot overcome the one-year time-bar of the PCRA and why his ineffective assistance of counsel claim must fail.  See id at 2-3.  Specifically, the PCRA court stated:

> [Appellant] claims that he was not made aware that his concurrent sentence was an illegal sentence until December 6, 2016, and since he filed his Petition within sixty (60) days from the said date, his Petition is therefore timely. Def's Br. p. 2-3. However, after reviewing the review, this [c]ourt finds that [Appellant's] claim is, in fact, untimely, since [Appellant] failed to establish the claims for his Petition, by a preponderance of the evidence, within sixty (60) days of learning about his potential claim, that being the potential illegality of his sentence.
>
> At the Evidentiary Hearing, [Appellant] testified that the agreed upon sentence was 5 ½ to 11 years concurrent to any sentence he was currently serving, full-time credit from the day of arrest, May 5, 2011. N.T. May 11, 2017, p. 7. [Appellant] testified that his intent was for his minimum date to be November 5, 2016, and that he could be released that day. N.T. 8. [Appellant] stated that he first became aware that he was not getting credit for his time served in October of 2016, when he received his new status sheet. N.T. 8-9.  After becoming aware of the alleged miscalculation, [Appellant] filed numerous requests

_____

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa. C.S.A. § 6138(a)(5)(1).

slips. N.T. 9. [Appellant] then filed a grievance, which was denied on December [6], 2016. N.T. 9.

After reviewing the record, this [c]ourt agrees with the Commonwealth that there were several instances that demonstrate that [Appellant] was aware of the alleged miscalculation before the expiration of the sixty (60) day statutory time-frame. First, [Appellant] filed a pro-se Motion for Sentencing Transcripts, which stated that the transcripts were needed to file PCRA motions, which would probably include claims of ineffective assistance of counsel with regards to Attorney Kenneth M. Baldonieri. See Motion from Richard Williams, Defendant, to Westmoreland Court of Common Pleas - Criminal Division, (July, 27, 2016) (on file with the Clerk of Courts of Westmoreland County). Second, [Appellant] testified that after he "turned over" to the instant case on the first week of August of 2016, he was supposed to be put on waiting list to see the parole board, however it did not occur. N.T. 8. Notably, this [c]ourt agrees with the Commonwealth that [Appellant's] notifications dated November 4, 2016 and December 6, 2016 both provide [Appellant] with notice that he was not going to receive credit for the backtime of his sentence. Inmate's Request to Staff Member Form, May 11, 2017, Def's Exhibit E; Initial Review Response Form for Grievance, May 11, 2017, Def.'s Exhibit F; Com.'s Br. p. 5-6. Given the evidence presented above, this [c]ourt finds that [Appellant] was clearly aware of his potential PCRA claim before November 13, 2016, and thus [Appellant's] Petition is untimely since it was filed beyond the sixty (60) day requirement from when [Appellant] could have been made aware of his potential claim. . . .

Notice of Intention to Dismiss Motion for Post-Conviction Collateral Relief, filed June 30, 2017, at 2-3. (footnote omitted).

Aside from the aforementioned filings in the certified record that suggest Appellant was preparing to challenge counsel's stewardship as early as July of 2016, Appellant unequivocally testified at the PCRA hearing that "at that moment, that's when I became aware, in October of 2016 is when I became aware they weren't crediting me for my time served which was the actual

- 10 -

intent of my sentence." N.T., 5/11/17, at 9. As such, by his own admission, Appellant's failure to file a petition until January 13, 2017, was clearly beyond the sixty-day time frame in which the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

In light of the foregoing, Appellant's reliance upon Commonwealth v. Kelly, 136 A.3d 1007 (Pa.Super. 2016) is misplaced, for therein the appellant was promised a definite sentence with a specific start date and at no time did either the Commonwealth or the trial court advise the appellant that his negotiated sentence could not be honored as stated or imposed. Id. at 1014. In addition, the appellant entered his guilty plea on September 23, 2013, and filed a timely PCRA petition, pro se on February 12, 2014.

Notwithstanding, assuming, arguendo, Appellant filed his pro se PCRA petition within 60 days of learning of the factual and legal basis for the within claim,[5] we would find it lacks merit. A court must examine the totality of the circumstances to determine the extent of a defendant's knowledge during a guilty plea. Commonwealth v. Morrison, 878 A.2d 102, 108 (Pa.Super.) (en banc), appeal denied, 887 A.2d 1241 (Pa. 2005). "Our law presumes that a

_____

[5] The trial court, too, proceeded to find the petition lacked merit, although its basis for reaching its conclusion differs somewhat from ours. See Notice of Intention to Dismiss Motion for Post-Conviction Collateral Relief, filed June 30, 2017, at 3-7. "[W]e are not bound by the rationale of the trial court and may affirm on any basis." Richmond v. McHale, 35 A.3d 779, 786 n. 2 (Pa.Super. 2012).

- 11 -

defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." Commonwealth v. Reid, 117 A.3d 777, 783 (Pa.Super. 2015) (citation omitted).

To prevail on a claim of ineffectiveness, a petitioner must plead and prove by a preponderance of the evidence: (1) that the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. Kelley, 136 A.3d at 1012. "The law presumes counsel has rendered effective assistance," and "[t]he failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail." Id.

When challenging counsel's assistance in the context of a guilty plea, "the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea." Id., at 1013. "To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." Commonwealth v. Hickman, 799 A.2d 136, 141 (Pa.Super. 2002)(citation omitted).

The transcript of Appellant's guilty plea colloquy held on August 6, 2013, is devoid of any promises regarding whether Appellant's sentence would run consecutively with or concurrently to any sentence he currently was

serving. To the contrary, as noted above, the trial court specifically stated Appellant's plea constituted a violation of his parole, and the state parole board would determine the consequences of the violation. N.T. Guilty Plea, 8/6/13, at 19.

Moreover, Appellant did not produce any evidence at the PCRA hearing held on May 11, 2017, to prove the prejudice prong of the test for ineffectiveness. He at no time testified that he would not have entered a guilty plea if he had known his sentence imposed on January 13, 2014, which was below the Sentencing Guidelines range, could not run concurrently with his other state sentence. In addition, he did not present any testimony of his plea counsel or other evidence regarding the discussions counsel had had with Appellant during the plea-bargain process. Cf., Commonwealth v. Barndt, 74 A.3d 185, 199-200 (Pa.Super. 2013) (finding defendant presented sufficient evidence in the form of his own testimony and correspondence from plea counsel to establish counsel's inaccurate communication to defendant regarding consequences of guilty plea with respect to setback prejudiced defendant). Thus, Appellant has failed to show prejudice as he has not proven there was a reasonable probability that he would not have entered a guilty plea but for counsel's alleged inaccurate advice in connection with the plea. Hickman, 799 A.2d at 142.

Under the circumstances of this case, we find Appellant has filed a facially untimely PCRA petition and has failed to plead and prove the

applicability of any exception to the PCRA time bar.  We, therefore, affirm the

PCRA court's Order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/26/2018