J-S04019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GEHRIS FAMILY TRUST, JOHN GEHRIS, ANN SERFASS, AND MARK GEHRIS | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | No. 1369 MDA 2017 |
| BOWLORAMA, INC. AND PERKIOMEN GRILL CORPORATION | : : : | |

Appeal from the Order Dated August 16, 2017
In the Court of Common Pleas of Berks County Civil Division at No(s):  17-02294

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 24, 2018**

Appellants, Gehris Family Trust, John Gehris, Ann Serfass, and Mark Gehris, appeal from the August 16, 2017 Order sustaining the Preliminary Objections filed by Bowlorama, Inc. and Perkiomen Grill, Corporation (the "Corporations") and dismissing Appellants' Complaint.  After careful review, we affirm.[1]

The facts and procedural history, as gleaned from the trial Court's March 30, 2017, June 12, 2017, and October 13, 2017 Opinions and this Court's review of the record, are as follows.  In the 1950's, a father and two

_____

[1] We refer to this appeal as "Bowlorama I" for reasons explained ***infra***.  The "Bowlorama II" appeal is docketed at No. 1370 MDA 2017.

brothers formed the Appellee Corporations.[2]  The three original owners are now deceased.  Upon their deaths, their ownership interests passed to their heirs.  The Individual Appellants are minority shareholders in the Corporations.[3]  The Corporations operate without a formal board of directors; rather, the shareholders act as the board of directors.

In late 2015, after a shareholder vote was taken, the "officers" of the Corporations[4] entered into a real estate listing agreement to sell the property on which the businesses are located.[5]  BT Management, LLC ("BT") made an offer to purchase the property in December 2015.  On January 11, 2016, the Corporations and BT entered into a written agreement of sale for $2,500,000, the highest offer made on the property.  The Corporations and BT amended the Agreement ("First Amended Agreement of Sale") for

_____

[2] Bowlorama Inc. owns real estate upon which it operates a bowling alley. Perkiomen Grill Corporation operates a tavern and restaurant within the bowling alley.

[3] Appellants are also the beneficiaries of the plaintiff Gerhis Family Trust. Unlike in Bowlorama II, the court and the parties proceeded here under the assumption that Appellants all have an ownership interest in the Corporations as shareholders.

[4] Appellants identify David Boyer, Joanne Snyder, Martin Boyer, and Brooke Boyer as Bowlorama, Inc.'s corporate officers and Brooke Boyer, David Boyer, Martin Boyer, and Richard Eckel as the corporate officers of Perkiomen Grill.  Complaint, 2/21/17, at ¶ 5, 11.

[5] Appellants were the only shareholders who disapproved of the sale.

reasons approved by the Corporations' officers and a majority of the shareholders.[6]

On February 21, 2017, over one year after the sale contract was executed and less than one month before closing on the sale was to occur, Appellants, filed the instant Complaint on their own behalf and not on behalf of the Corporations' shareholders (the "Bowlorama I" action).[7] In it, Appellants alleged that the Corporations "have been mismanaged, have engaged in *ultra vires* actions, have engaged in actions that have resulted in the waste of corporate assets, have acted in a manner detrimental to the best interests of their respective businesses, have made unequal dividend distributions and otherwise treated shareholders unequally, have improperly comingled the finances and business affairs of the [ ] Corporations, and failed to provide to shareholders relevant information regarding the conduct of the businesses of [ ] Corporations[.]" Complaint, 2/21/17, at ¶ 16. These allegations related specifically to the proposed sale of the

_____

[6] The amendments included a reduction in the purchase price to $2,200,000, an extension of the closing period, the grant of salvage rights to personal property contained within the real estate to BT, a change in the purchaser from BT Management LLC, to BT Exeter, LLC, and the inclusion of personal property belonging to Perkiomen Grill in the scope of the sale. Complaint, 2/21/17, at ¶ 29.

[7] Appellants attached to their Complaint a Verification signed by the three individual plaintiffs; however, the Trustee of the Trust did not verify the Complaint or participate in any litigation on its own behalf. We hereinafter refer to the three individuals as "Appellants."

Corporations' real estate asset to BT, and the cancellation of Bowlorama as the host site of the Pennsylvania State Bowling Association championship tournament. *Id.* at ¶ 17-35. Appellants also alleged that the Corporations refused to provide requested information regarding the business affairs and finances of the Corporations to shareholders. *Id.* at 36-37.

Appellants sought: (1) the appointment of a receiver to maintain the Corporations' assets and property, and to make an accounting of the Corporations' income, disbursements, assets, and liabilities; (2) an injunction enjoining the sale or dissipation of the Corporations' assets; (3) unfettered access to the Corporations' books and records; (4) the nullification of the Agreement of Sale and the First Amended Agreement of Sale; and (5) money damages.

On March 10, 2017, in response to the Complaint, the Corporations filed a Motion to Approve Sale of Real Estate and Assets and sought approval to escrow the sale proceeds after the payment of settlement costs. Six days later, on March 16, 2017, the Corporations filed Preliminary Objections in the nature of a demurrer to the Complaint.[8]

_____

[8] In the instant action, the Corporations challenged neither Appellants' standing as trust beneficiaries to bring this action nor the absence of the Trustee's Verification, and we cannot raise the issue of standing *sua sponte.* ***See Rendell v. Pennsylvania State Ethics Commission***, 983 A.2d 708, 717 (Pa. 2009) (noting that our Supreme Court "has consistently held that a court is prohibited from raising the issue of standing *sua sponte*."). The Corporations did, however, challenge Appellants' standing to file suit on their
*(Footnote Continued Next Page)*

On March 22, 2017, Appellants filed an Answer to the Corporation's Motion to Approve Sale of Real Estate and Assets, claiming: (1) that they did not receive proper notice of regularly or specially scheduled shareholder's meetings; and (2) that the shareholders did not officially approve the First Amended Agreement of Sale. They also filed a *lis pendens*.

The court held a hearing on the Corporations' Motion and found Appellants' claims to be not credible and not supported by the evidence. **See** Trial Ct. Op., filed 3/30/17, at 3-4.[9] Thus, on March 30, 2017, it entered an Order granting the Corporations' Motion to Approve Sale of Real Estate and Assets.[10, 11] The court directed that the proceeds from the sale be held in escrow until resolution of the lawsuit.[12]

---

*(Footnote Continued)* ───────────

own behalf rather than file a shareholder derivative action. Preliminary Objections, 3/16/17, at ¶ 38.

[9] The court stated Appellants "simply do not like that they were outvoted on the issue of the sale" and "the lawsuit [filed] by [Appellants] lacks merit to stop settlement." Trial Ct. Op., filed 3/30/17, at 4.

[10] The March 30, 2017 Order also struck the *lis pendens* Appellants had filed one week earlier as a lien against the Corporations' real estate that was part of the pending real estate and asset sale.

[11] Appellants took an appeal from this Order, which this Court quashed as interlocutory. **See Gehris Family Trust, et al. v. Bowlorama, Inc. et al.**, No. 607 MDA 2017 (Order filed July 19, 2017).

[12] On April 20, 2017, Appellants filed a shareholders derivative suit ("Bowlorama II") with a nearly identical Complaint as that filed here.

On August 16, 2017, the court sustained the Corporations' Preliminary Objections and dismissed Appellants' Complaint with prejudice. The court concluded that Appellants' Complaint failed to state any legally cognizable claim and that granting Appellants leave to amend the Complaint would be futile. Trial Ct. Op., filed 10/13/17, at 3-5. This appeal followed. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following issue on appeal:

Did the [t]rial [c]ourt, in its order of August 1[6], 2017, err in sustaining preliminary objections in the nature of a demurrer without leave to amend [Appellants'] [C]omplaint?

Appellants' Brief at 3.

This Court reviews an order sustaining preliminary objections to determine whether the trial court committed an error of law. *Richmond v. McHale*, 35 A.3d 779, 783 (Pa. Super. 2012).

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections

*Id.* (citation omitted).

Appellants contend that their Complaint adequately stated sufficient facts to support each cause of action, and that the trial court was required to accept them as true.

Following our review of the certified record, the parties' briefs, and the relevant law, we conclude that the opinion of the Honorable Jeffrey K. Sprecher thoroughly and correctly addresses and disposes of Appellants' issue and supporting arguments. We discern no abuse of discretion or errors of law, and, thus, affirm on the basis of that Opinion. **See** Trial Ct. Op., filed 10/13/17, at 3-5 (addressing each of the Corporations' Preliminary Objections *seriatim* and explaining that, even if it accepted as true the allegations in Appellants' Complaint, Appellants had failed to establish a right to relief because: (1) Appellants' request to enjoin the asset sale was moot; (2) Appellants failed to plead facts demonstrating any mismanagement by the Corporations or any persistent violations of the Business Judgment Rule; (3) Appellants did not plead that they were denied any right to inspect the corporate books, and shareholders have only limited, not unfettered, rights to see and access corporate financial information; (4) Appellants failed to allege that the sale price for the Corporations' real estate and assets did not represent fair market value, or the existence of any alternate, competing, or more profitable offer; and (5) Appellants did not have the ability to amend their Complaint because the court "had allowed the sale to proceed, [Appellants] had no right to request the appointment of a receiver, [Appellants] had no right to unfettered access to corporate records, and no

damages existed. Simply stated, [Appellants] had no cause of action against [Corporations].").  The parties shall attach a copy of the trial court's October 13, 2017 Opinion to this Memorandum to all future filings.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2018

GEHRIS FAMILY TRUST, JOHN GEHRIS, : IN THE COURT OF COMMON PLEAS
ANN SERFASS and MARK GEHRIS, : OF BERKS COUNTY, PENNSYLVANIA
    Plaintiffs :
                  :
    VS. : CIVIL ACTION - LAW
                  :
BOWLORAMA, INC. and :
PERKIOMEN GRILL CORPORATION, :
    Defendants : No. 17-2294

Barry W. Sawtelle, Esquire
    Attorney for plaintiffs

David S. Sobotka, Esquire
    Attorney for defendants

## OPINION, JEFFREY K. SPRECHER, J.            OCTOBER 12, 2017

Plaintiffs appeal the Orders dated August 10, 2017 and March 27, 2017. The March 27, 2017 Order allowed the sale of defendants' business assets and real estate to proceed. The Order of August 10, 2017 sustained defendants' preliminary objections and dismissed plaintiffs' complaint with prejudice. This Opinion supplements the Opinions of March 28, 2017 and June 8, 2017.

## FACTS

The two prior opinions set forth the facts gleaned from the record and the hearing on the request of plaintiffs, Gehris Family Trust, John Gehris, Ann Serfass, and Mark Gehris, for a preliminary injunction until trial to enjoin any sale or dissipation of defendants' assets and the responsive motion of defendants, Bowlorama, Inc. and Perkiomen Grill Corporation, to approve the sale of the real estate and assets. The Order dated March 27, 2017 allowed the sale to be consummated and directed that the settlement proceeds be placed in an escrow account held by the parties' attorneys.

1

Received County of Berks Prothonotary's Office on 10/13/2017 8:51 AM Docket No. 17-2294

183a

Plaintiffs filed an interlocutory appeal to the Order of March 27, 2017. The Opinion dated June 8, 2017 addressed the issues plaintiffs raised on appeal. On July 18, 2017, the Superior Court quashed the appeal.

After remand of the record, this court held argument on defendants' preliminary objections. This court sustained the preliminary objections and dismissed the complaint with prejudice. Plaintiffs appealed.

## ISSUES

Plaintiffs raise the following issues in their Concise Statement of Errors Complained of on Appeal.

1. This court, in its Order of March 27, 2017, erred in adjudicating plaintiffs' rights to review of a contested corporate action in the context of a preliminary motion before the pleadings were closed or any discovery conducted.

2. This court, in its Order of March 27, 2017, exceeded its authority by entering an order "authorizing" the sale of real estate.

3. This court, in its Order of March 27, 2017, erred in striking the *lis pendens* filed by plaintiffs without requiring the filing of a motion and scheduling a hearing on that issue.

4. This court, in its Order of August 10, 2017, erred in sustaining preliminary objections in the nature of a demurrer without leave to amend plaintiffs' complaint.

## DISCUSSION

This court shall address the issues *seriatim*.

Plaintiffs first contend that this court erred in adjudicating plaintiffs' rights to review a contested corporate action in the context of a preliminary motion before the

2

Received County of Berks Prothonotary's Office on 10/13/2017 8:51 AM Docket No. 17-2294

184a

pleadings were closed or any discovery conducted. This issue is without merit. This issue is identical to the first issue raised in the prior appeal, and this court addressed it in the June 8, 2017 Opinion. The contention does not need any further discussion.

Plaintiffs next maintain that this court exceeded its authority by entering an order authorizing the sale of the real estate. This issue is meritless.

Defendants filed a motion to approve the sale of the real estate and assets. This court held a hearing on this issue and plaintiffs' request for an injunction. Following the hearing, this court issued an order to allow the sale. It stated its reasons for this decision in its Opinions dated March 28, 2017 and June 8, 2017. This issue does not necessitate any further discussion.

Plaintiffs' third issue, this court's error in striking the *lis pendens* filed by plaintiffs without requiring the filing of a motion and the scheduling of a hearing on that issue, is without merit, and this court has addressed it in the previous Opinion dated June 8, 2017. No further discussion is necessary.

Plaintiffs' last issue is that this court erred in sustaining preliminary objections in the nature of a demurrer without leave to amend the complaint. This issue is meritless.

Defendants' first preliminary objection was a demurrer to enjoin the existing (and future) corporate asset sale. At the time of the argument, this issue was moot because this court had already allowed the sale to proceed.

Defendants' second preliminary objection was a demurrer to the request to appoint a receivership for the defendants. This court sustained this preliminary objection for several reasons. Plaintiffs did not plead facts which demonstrated any mismanagement of the defendants or any persistent violations of the business judgment

3

Received County of Berks Prothonotary's Office on 10/13/2017 8:51 AM Docket No. 17-2294

rule. Nothing in the complaint showed that the sales price was unfair despite plaintiffs' contention that defendants' assets and real estate should not have been sold. Plaintiffs' averment of mismanagement was the decision to cancel a championship bowling tournament that resulted in a substantial loss of revenue and profit; however, plaintiffs did not support this allegation with any specific facts. The cancellation of the tournament was due to the sale. Moreover, plaintiff, John T. Gehris, signed the contract on behalf of defendant, Bowlorama, and he is neither an officer nor a director of Bowlorama. The law does not authorize shareholders to bind corporations to any agreements. Too, plaintiffs file this action on behalf of themselves and not as a derivative suit. For all these reasons, plaintiffs failed to state a claim upon which relief may be granted.

Defendants' third demurrer was to the injunction request to order defendants to provide plaintiffs with unfettered access to their corporate books and records. The Business Corporation Law provides shareholders with limited, not unfettered, rights to see and access corporate financial information. Section 1554 of the law requires a corporation to provide its shareholders with only an annual financial report, unless otherwise ordered. Moreover, John Gehris was the manager of the defendants, so he already had much of the financial information. Pursuant to §1508, a shareholder must have a proper reason for the inspection and the corporation must deny the request before a court order is sought. Defendants did not contend that they were denied any requests to inspect. For these reasons, this court sustained the preliminary objection.

The fourth demurrer was to plaintiffs' request for money damages. Plaintiffs never alleged that the sale price did not represent a fair market value of the defendants'

4

Received County of Berks Prothonotary's Office on 10/13/2017 8:51 AM Docket No. 17-2294

186a

assets and real estate. Defendants also never alleged that any alternate, competing, or more profitable offer to purchase existed. In fact, they could not do so as the testimony in the emergency hearing disclosed that this offer was the best that had been received. Therefore, there was no legal basis for money damages, so this court sustained this demurrer.

This court sustained the preliminary objections with prejudice because plaintiffs did not have the ability to amend their complaint. This court had allowed the sale to proceed, plaintiffs had no right to request the appointment of a receiver, plaintiffs had no right to unfettered access to corporate records, and no damages existed. Simply stated, plaintiffs had no cause of action against defendants.

In accordance with the foregoing Opinion, this court submits that its Orders should be affirmed and the appeal denied.

_____
JEFFREY K. SPRECHER, J.

5

Received County of Berks Prothonotary's Office on 10/13/2017 8:51 AM Docket No. 17-2294

187a