J-A28019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ABDUS SHAHID | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| T.D. BANK N.A. | : | No. 1645 EDA 2023 |

Appeal from the Order Entered June 8, 2023
In the Court of Common Pleas of Delaware County
Civil Division at No: CV-2021-008020

BEFORE: OLSON, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 30, 2024**

Appellant, Abdus Shahid, appeals from an order sustaining the preliminary objections of Appellee, T.D. Bank N.A., to Appellant's complaint and dismissing the complaint with prejudice. Appellant alleged in his complaint that Appellee violated his civil rights by, *inter alia*, confessing judgment against him in 2021. We conclude that the court properly sustained Appellee's preliminary objections, and we affirm.

A brief review of Appellee's underlying action for confession of judgment is necessary to place the present case in appropriate context.[1] Appellant is the owner of a warehouse in Darby, Pennsylvania, and Appellee is the mortgage holder for the warehouse. On March 16, 2021, Appellee filed a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court may take judicial notice of other proceedings involving the same parties. ***Hvizdak v. Linn***, 190 A.3d 1213, 1218 n.1 (Pa. Super. 2018).

complaint at CV-2021-2739 in the Court of Common Pleas of Delaware County ("trial court") demanding confession of judgment against Appellant and his wife for failure to make timely mortgage payments. The complaint requested judgment in the amount of $230,094.28 plus interest from January 1, 2021 at the per diem rate of $38.80 plus costs. On March 19, 2021, the trial court entered judgment in favor of Appellee and against Appellant and his wife for the full amount demanded. Appellant and his wife never filed a petition to open or strike a confessed judgment. Instead, on March 31, 2021, Appellant and his wife filed an answer to the complaint averring that they made all payments on their mortgage up to and including their payment for March 2021. Appellant and his wife also asserted a counterclaim against TD Bank for $40,000,000.00 for allegedly filing a false mortgage case against them. The counterclaim alleged that Appellee should have given Appellant and his wife a forbearance during the pandemic instead of filing a complaint against them. Appellant and his wife filed three motions for summary judgment, all of which the trial court denied. The order denying the third motion for summary judgment, entered on May 26, 2023, stated that the motion was denied because judgment already had been entered in favor of Appellee on March 19, 2021. Appellant appealed to this Court, which dismissed the appeal on December 12, 2023, on the ground that Appellant could not request summary judgment in an action where judgment already had been entered by confession of judgment. *See T.D. Bank v. Shahid*, 1643 EDA 2023 (Pa.

Super., Dec. 12, 2023). Following our dismissal of that appeal, there have been no further proceedings in the confession of judgment action.

With respect to the instant proceedings, on September 23, 2021, Appellant commenced this action[2] by filing a *pro se* complaint against Appellee in the trial court. The complaint is not worded artfully, but it appears to claim that Appellee violated or conspired to violate Appellant's civil rights by confessing judgment against Appellant at CV-2021-2739, shutting off electricity to the warehouse and removing tenants from the warehouse. On January 6, 2022, Appellee removed Appellant's action to the United States District Court for the Eastern District of Pennsylvania. On February 15, 2022, the district court ordered the case remanded back to the trial court.

No further docket activity took place until December 27, 2022, when Appellant filed a *pro se* motion to set a trial date in 2023. On February 10, 2023, Appellee filed preliminary objections to the complaint asserting (1) the doctrines of res judicata and collateral estoppel barred Appellant's action due to the judgment entered in Appellee's favor in the confession of judgment action, (2) Appellant failed to state a cause of action for violation of his civil rights or conspiracy to violate his civil rights, and (3) to the extent the complaint alleged abuse of process or wrongful use of civil proceedings, the complaint failed to state a cause of action for these claims.

---

[2] Appellant's wife did not join in this action as a party.

Appellant filed a timely response in opposition to the preliminary objections. On June 8, 2023, the trial court entered an order sustaining Appellee's preliminary objection and dismissing the complaint with prejudice. Appellant filed a timely appeal to this Court. Without directing Appellant to file a Pa.R.A.P. 1925 statement of matters complained of on appeal, the trial court filed an opinion in support of its order of dismissal.

Appellant's *pro se* brief in this Court includes a series of allegations that Appellee conspired with local governmental officials to shut off the electricity in Appellant's warehouse and to enter judgment against him, even though he was fully current on his mortgage payments.

We have fully reviewed the record, the applicable law, the parties' briefs and the trial court opinion. We conclude that the trial court properly dismissed the complaint on the basis of res judicata and collateral estoppel. Opinion, 8/9/23, at 7-8 (res judicata and collateral estoppel bar complaint because Appellant failed to file petition to strike or open judgment by confession and instead filed complaint in attempt to mount collateral attack on the judgment).[3] We also conclude the trial court correctly dismissed Appellant's action on two other bases as well.

---

[3] Because res judicata and collateral estoppel are affirmative defenses, Appellee erred by raising these defenses in its preliminary objections to the complaint. Pa.R.Civ.P. 1030. Appellant, however, waived Appellant's error by failing to file preliminary objections to Appellee's preliminary objections to Appellee's use of res judicata and collateral estoppel. *Richmond v. McHale*, 35 A.3d 779, 782-83 (Pa. Super. 2012).

The trial court held that Appellant's allegations that Appellee improperly entered judgment fails to state a cause of action for any civil rights violation, since the mere entry of judgment by confession does not transform a private actor such as Appellee into a state actor. Opinion at 8-9; *see also Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1266 (3d Cir. 1994). We agree. Nor does the complaint allege any plausible civil rights violation on the basis of race or religion.

The trial court also correctly held that Appellant's claims that Appellee conspired to shut off Appellant's electricity and remove tenants from Appellant's warehouse failed to state a cause of action, because (1) Appellant previously raised these claims or similar claims in multiple state and federal actions, (2) both the trial court and the federal courts rejected these or similar claims and have entered orders limiting Appellant's right to make such allegations, and (3) in any event, these claims failed for lack of specificity. Opinion at 9-12.

Although not addressed by the trial court, Appellee also argues that Appellant fails to state a cause of action for abuse of process or wrongful use of civil proceedings. Our review of the complaint does not indicate any attempt by Appellant to raise these claims.

For these reasons, we affirm the order of dismissal and direct that a copy of the trial court's August 9, 2023 opinion be filed along with this memorandum.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/30/2024</u>

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**

**CIVIL ACTION – LAW**

| | | |
|---|---|---|
| **ABDUS SHAHID** | : | |
| | : | **No: 2021-008020** |
| | : | |
| **v.** | : | **1645 EDA 2023** |
| | : | |
| **TD BANK, N.A** | : | |

**OPINION**

**Dozor, J.**                                                    **Filed: August 9, 2023**

This Opinion is submitted relative to the appeal of this Court's Order of June 5, 2023, sustaining Defendant's Preliminary Objections, and dismissing Plaintiff's Complaint. This Court respectfully submits that a judgment has already been entered into on behalf of Defendant TD Bank by Order of March 19, 2021 pursuant to TD Bank's prior Complaint in Confession of Judgment, Plaintiff's request for relief was improper, thus this Order should be affirmed.

**Factual and Procedural History**

These facts of this case initially arise out of Complaint filed in Confession of Judgment by Defendant/ Appellee TD Bank, successor by merger to Commerce Bank, N.A. ("Defendant" or "TD Bank") against Plaintiff/Appellant Abdus Shahid, ("Plaintiff" or "Shahid") under Delaware County Court of Common Pleas Docket

No. 2021-002739[1]. Judgment was entered on behalf of TD Bank and against Shahid and Halima Ansari ("Ansari") on March 19, 2021 in the amount of $230,094.28 plus interest in that matter. Instead of filing a Petition to Open or Strike the Confession of Judgment, as is required by the Rules of Civil Procedure, Shahid filed the instant action, consisting of a new Complaint under this docket number, the dismissal of which, this appeal arises. Mr. Shahid asserts in this new nine (9) paragraph Complaint, that TD Bank wrongfully foreclosed his property located at 850 Summit Street, Darby, Pennsylvania, 19023, conspired with Darby Borough to deprive him of his constitutional rights, and makes allegations of discrimination against him based on his race and national origin. *See* Plaintiff's Complaint generally.

After motion practice regarding the removal of this matter to the Eastern District of Pennsylvania, this matter was remanded to this Court by Order of the Honorable Gerald McHugh on February 15, 2022. TD Bank filed Preliminary Objections to Plaintiff's Complaint. After response and replies by both parties, this Court sustained said Objections by Order of June 5, 2023 dismissing the Complaint. This appeal followed.

---

[1] *See* T.D. *Bank as successor by merger to Commerce Bank, N.A. v. Abdus Shahid,* Delaware County, Common Pleas Court Docket No.2021-002739. That matter is also on appeal at 1643 EDA 2023 regarding the Honorable Spiros E. Angelos' denial of Mr. Shahid's fourth Motion for Summary Judgment.

## Discussion

TD Bank's Preliminary Objections raised five separate arguments as to why the Complaint should be dismissed.

First, that complaint lacks the specificity required pursuant to Pa. R.C.P. 1019(a), 1028(a)(2) and 1028(a)(3); second, that the claim for wrongfully filing a confession of judgment is barred by the doctrines of *res judicata* and collateral estoppel because judgment was entered in favor of TD Bank, and against Shahid and Ansari and, pursuant to Pa.R.C.P. 2959(c), to challenge the judgment, Shahid must file a petition to open or strike off the judgment and may not file a collateral lawsuit like the one filed here; third, Shahid's purported 42 U.S.C. § 1983 civil rights violation claim and conspiracy to commit a 42 U.S.C. § 1983 violation claim should be dismissed because TD Bank is not a state actor and Shahid fails to allege facts that show that TD Bank entered into a conspiracy with Darby Borough to deprive him of his constitutional rights; fourth, that Shahid's purported claims for abuse of process and violation of the Dragonetti Act should be dismissed because Shahid has not sufficiently alleged that 1) TD Bank filed the Complaint in Confession of Judgment ("CCOJ") against Shahid to accomplish a purpose for which the CCOJ was not designed; or 2) that the CCOJ action terminated in his

3

favor; and fifth, the Complaint should be dismissed without leave to amend because amendment would be futile. *See* Defendant's Preliminary Objections.

Any one of Defendant's arguments have merit, thus this Court sustained said Objections and dismissed this case.

Pennsylvania Rule of Civil Procedure 1028(a) (3) and (a)(4) permits a party to preliminarily object to any pleading due to the factual insufficiency or legal insufficiency specificity in a pleading. "A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true." Weirton Med. Ctr., Inc. v. Introublezone, Inc., 193 A.3d 967, 972 (Pa. Super. 2018).

However, while a court must accept as true all well-pleaded facts, courts should not accept as true unwarranted inferences from facts, conclusions of law, argumentative allegations, or opinions. Marks v. Nationwide Ins. Co., 762 A.2d 1098, 1099 (Pa. Super. 2000) *See also, Wiernik v. PHH U.S. Mortgage Corp.,* 736 A.2d 616, 619 (Pa. Super.1999); *Dorfman v. Pennsylvania Social Servs. Union B Local 668,* 752 A.2d 933, 936 (Pa. Commw. Ct. 2000) (noting that, in order to

4

survive preliminary objections, the complaint must allege "specific facts" and that "mere conclusory allegations in the pleadings without supporting factual allegations are not sufficient").

While courts stand ready to liberally construe materials filed by a *pro se* litigant, that party "is not entitled to any particular advantage because he lacks legal training." See *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006)(citation omitted). "As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." *Id.* (*citing Commonwealth v. Rivera*, 685 A. 2d 1011 (1996)). This Court cannot be Plaintiff's counsel. *See also  Elliot-Greenleaf, P.C. v. Rothstein*, 255 A.3d 539, 542 (Pa. Super. 2021) (holding that substantial defects in debtors *pro se* appellate appeal brief prevented meaningful review and warranted quashing the appeal).

In the present case, even a liberal construction of Plaintiff's Complaint cannot remedy the serious inadequacies. Plaintiff's nine paragraph Complaint fails to allege any specific facts that would entitle him to relief under the law. The Complaint consists of repetitive and broad sweeping allegations of racial and national origin discrimination, violation of his civil rights, and conspiracy to foreclose on his mortgage without any specific facts. Specifically, Plaintiff's

5

Complaint alleges "Defendant violated plaintiff's civil rights intentionally due to Plaintiff's race and nation of origin. Defendant treated Plaintiff differently due to plaintiff's race and nation of origin". *See* Plaintiff's Complaint at ¶ 3. Other than that one conclusory allegation, there is nothing further identifying even a single fact as to how Plaintiff was treated differently than others of different races or national origins. Thus, this Court properly sustained Defendant's Preliminary Objection for lack of specificity. Moreover, it is clear from Plaintiff's litigious history regarding his property in Darby Borough and Clifton Heights Borough, that allowing for amendment would be futile.

As identified in Defendant's Preliminary Objections at Exhibit "A", Shahid has filed at least 25 separate claims over the past decade, in both the Delaware County Court of Common Pleas, and the Eastern District of Pennsylvania. At present, he has no less than ten (10) separate appeals pending regarding decisions over the past year related to his Summit Street Darby Borough property and a property in the Borough of Clifton Heights. Even with strict instructions to refrain from filing additional actions against related defendants and claims, he continues to identify the same issues as "discriminatory" without any factual basis.[2] When given the opportunity to seek counsel or amend his deficient pleadings, he typically

---

[2] See March 26, 2021 Order of the Honorable John J. Whelan in *Shahid v. Possenti, et al.*, CV-2020-005683 and this Court's Order of June 29, 2022 in *Shahid v Holsten Associates, P.C.et al.* 2021-008018.

6

appeals, or simply files a new action. Thus, amendment to this action is both futile on the basis of law, and prejudicial to the Defendants who must keep defending issues that have been resolved.

Additionally, under the doctrine of *res judicata* and collateral estoppel, this Complaint was properly dismissed. "Under Pennsylvania law, a judgment by confession is a final judgment 'on the merits' which operates as *res judicata* to bar a collateral challenge to that judgment or any claim arising out of the same underlying transaction or nucleus of events." *Romah v. Romah*, 600 A.2d 978, 981 (Pa. Super. 1991) (finding that failure to timely petition the trial court to open or strike off the judgment waives the right to raise the issues and the party cannot raise the issues in a collateral proceeding).

Pa .R.C. P. Rule 2959 provides: (a) Relief from a judgment by confession *shall* be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition. Pa.R.C.P. 2959(a) (emphasis added).

As the Superior Court stated in *Romah*, to allow a Plaintiff who filed a subsequent collateral action, to continue his case, "would merely circumvent the rules set forth by the Supreme Court regarding confessions of judgment. This result would clear the way for litigants to skirt the proper procedure and bring subsequent

7

actions when the complete judicial process is provided for and scrupulously delineated in the rules." *Romah*, 600 A.2d at 981 (Pa. Super.1991).

This action is a mirror to the Confession of Judgment action *TD. v. Shahid,* Del. County Docket No. 2021-002739; 1643 EDA 2023, a judgment is already in place in favor of TD Bank. Even if the Superior Court finds merit in Mr. Shahid's appeal in that matter and determines that the Confession of Judgment should be opened or stricken, it is through that action, not here, that any relief should be afforded. Both of these actions relate to the Confession of Judgment on the Mortgage that Mr. Shahid held with TD Bank. Thus, this Complaint was properly dismissed as duplicative and barred by *res judicata* and collateral estoppel.

As to the claim that TD Bank has violated Shahid's civil rights directly and/or via a conspiracy with Darby Borough to violate his civil rights, these claims have no merit as TD is not a state actor, a requirement under §1983[3]. A confession of judgment action, by a private entity, does not rise to the level of state action. *See Nanya-Nashut ex rel. Hand v. Centex Home Equity Corp,* 2003 WL 22871667, at *2 (E.D. Pa. Dec. 2, 2003) ("Even when a bank and an attorney utilize state foreclosure procedures, that will not constitute state action"); *see also Nanya-*

---

[3] Although Shahid disputes that he has brought his claim under federal 42 U.S.C. § 1983 civil rights statute, he has not identified any other relevant state statute under which he could recover. The complaint, though bare bones as it is, identifies if anything, a federal civil rights claim, that this court would have concurrent jurisdiction over. *See Balshy v. Rank*, 490 A.2d 415-420-421. (PA. 1985).

8

*nashut ex rel. Hand v. BankOne*, No., 2003 WL 22078022, at *3 (E.D. Pa. Sept. 9, 2003) (holding that a bank did not engage in state action for purposes of Section 1983 by filing a mortgage foreclosure action).

TD Bank is a private entity, which exercised its rights under a private agreement by instituting a confession of judgment action against Shahid and Ansari for defaulting on their Mortgage payments. By filing the confession of judgment action, TD Bank did not engage in state action necessary to support a §1983 claim.

Thus, the only way that Shahid can possibly raise his civil rights claim is to assert that TD Bank conspired with the Borough of Darby which he does by suggesting in conclusory fashion TD Bank conspired with the Borough to shut off the electricity, stop the rental income fully, and to remove all tenants buy police also must be dismissed. *See* Plaintiff's Complaint ¶ ¶ 4-8. However, it has been found multiple times, in multiple courts, that the Borough of Darby and its employees, elected and appointed officials have not discriminated against Shahid on the basis of his race or national origin related to these actions against this property, specifically with regard to the electricity and removal of tenants in 2020. To that end, there have been multiple Orders from both this Court and the federal Court limiting Shahid's ability to make the same or related allegations with the same or related parties.

9

Initially, in *Shahid v. PECO*, CV-2020-008079 (Pa. Ct. Comm. Pls., Del. Cty. Nov. 20, 2020), Shahid filed a complaint that alleged that PECO shut off electricity to 850 Summit property in August, 2020 without proper notice and for discriminatory reasons. The court sustained preliminary objections for want of subject matter jurisdiction.

Then Shahid brought an additional action, *Shahid v. Possenti, et al.*, CV-2021-001952 (Pa. Ct. Comm. Pls., Del. Cty. Feb. 24, 2021) where the Complaint alleged that Possenti, the Darby Borough manager, and another Borough employee instructed PECO to shut off electricity at the 850 Summit property, valued at $5 million, and instructed police to remove 40 tenants and threaten 80 potential tenants for discriminatory reasons. An Order sustaining the Preliminary Objections and Motion to dismiss was granted on June 29, 2022 by this Court barring additional litigation against the same or related defendants raising the same or related claims. Shahid did not appeal that decision at the time. It was not until very recently, July 31, 2023, that Shahid chose to appeal that decision.[4]

Now, in contravention to that Order, Shahid has decided to allege that TD Bank is the entity colluding with the Borough to shut off the electricity and remove the tenants. Yet the instant nebulous and conclusory claims against TD Bank, in

---

[4] No docket number has been assigned by the Superior Court as of the date of writing of this Opinion, yet it is untimely by more than a year.

10

relation to an alleged conspiracy on these issues, are part and parcel what was dismissed over a year ago in this Court's prior order, from the perspective of the Borough and its officials, and were properly dismissed in this matter with a specific instruction to refrain from bringing any additional lawsuits on these particular issues. These issues are decided. If Shahid has issues with the Judgment by Confession, the proper venue is through Docket No. 2021-002739, not this action.

Even if the Superior Court determines that the 2020 actions taken by Darby Borough are in some way reviewable in connection with the Confession of Judgment from TD Bank, any alleged conspiracy claim must fail in this action because the entire complaint was pled with insufficient particularity. Although the Rules of Civil Procedure are to be liberally interpreted, "liberal construction does not entail total disregard of those rules concerning pleading." *Duquesne Light Co. v. U.S. Indus. Fabricators,* 483 A.2d 534, 536 (Pa. 1984). *See* Pa. R.C.P. 1019, 1028(3). Shahid makes conclusory allegations that a conspiracy between TD Bank and Darby Borough existed. But Shahid has failed to plead any facts to support such a claim. "Blind suspicions and unsupported accusations simply do not state a cause of action pursuant to any theory of tort recovery." *Feingold v. Hill,* 521 A.2d 33, 38 (Pa. Super. 1987). "Even our present liberalized system of pleading requires that the material facts upon which a cause of action is premised be pled with

11

sufficient specificity so as to set forth the prima facie elements of the tort or torts alleged". *Id.* (citations omitted). Here, Shahid has done no such thing. Thus, his complaint was properly dismissed.

## Conclusion

For the reasons set for the above, this Court submits it was correct in sustaining Defendant's Preliminary Objections and dismissing Plaintiff's Complaint and respectfully submits that its Order should be affirmed.

BY THE COURT:

_____
BARRY C. DOZOR, J.

FILED

2023 AUG 10 AM 11: 17

OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO PA

12